HOWARD & SOULE, plaintiffs in error, *vs.* G. L. RICE, defendant in error.

Where money is due on a written security, such as a bill or bond, it is the duty of the debtor if he pay to an agent, to see that such agent is in possession of the security, otherwise he will not be discharged unless the money reach the principal.

Principal and agent. Debtor and creditor. Payment. Before Judge POTTLE. Madison Superior Court. September Term, 1874.

For the facts of this case, see the decision.

T. W. RUCKER, for plaintiff in error.

GABRIEL NASH; SAMUEL LUMPKIN, by JOHN C. REED, for defendant.

Howard & Soule *vs*. Rice.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant on the following paper:

"January 11th, 1872. Eight months after date, for value received, I promise to pay to the order of Howard & Soule $95 00 without interest, payable at Athens office.

(Signed,)                                    "G. L. RICE."

It appears from the evidence in the record that the following words were printed on the heading of the note signed by defendant: "No credits allowed unless indorsed on note at time payment is made." The note was given for a sewing machine sold by Shaffer, who was the agent of plaintiffs, and had an office in Athens where the note was made payable. The defendant paid Shaffer, the agent of the plaintiffs from whom he purchased the machine, at his office in Athens, the amount of the note in two payments, taking his two receipts for the same. Shaffer said he did not then have the note, that it was in the hands of the plaintiffs in Atlanta, and that he would get the note and deliver it up to him. The jury, under the charge of the court, found a verdict for the defendant. The plaintiffs made a motion for a new trial on the grounds specified therein, which was overruled by the court, and the plaintiffs excepted. The error complained of is that the court erred in charging the jury "that if the defendant made the payments, evidenced by the receipts introduced, to Brown & Shaffer at their office in Athens, having purchased the sewing machine from Shaffer, that such payment was valid, and would bind Howard & Soule, the plaintiffs; there being no evidence that Brown & Shaffer were authorized by the plaintiffs to receive payment of the note." The question involved in this case is whether an agent, who is authorized to sell certain specific machines for his principals, and who sells one on time, and takes a note from the purchaser thereof, due at a future day, payable to his principals, and delivers the note to them, is then their agent to receive the payment of the note, the

same not being in the *possession* of such agent, but in the hands of his principals.  In other words, was the payment of the note given by the defendant payable to the order of Howard & Soule for a sewing machine purchased of their agent, Shaffer, a good payment of that note as against *them,* when made to Shaffer, their agent, at his office in Athens, he not having the note in possession, but promising the defendant he would get the note from the plaintiffs and deliver it up to him.

The rule as stated by Paley on Agency is well sustained by authority, and that rule is, that if money be due upon a *written security,* it is the duty of the debtor, if he pay it to an agent, to see that the person to whom he pays it is in *possession* of the security, for though the money may have been advanced through the medium of the agent, yet if the security do not remain in his possession, a payment to him will not discharge the debtor: Paley on Agency, 274.  Although the defendant in this case may have received the plaintiffs' machine through the medium of their agent, he promised to pay *them* for it, and if he took the risk of paying the agent the money due to the plaintiffs therefor, when he knew the agent did not have his note, it will not discharge him from its payment to the plaintiffs unless he could show that they had received the money.  Smith on Mercantile Law, 68, thus states the rule: "Where money is due upon a *written security,* such as a bill or bond, it is the duty of the debtor, if he pay to an agent, to see that such agent is in possession of the security, for otherwise he will not be discharged unless the money reach the principal; not even though the agent to whom he pays may have been usually employed to receive money, for his *non-production of the security* rebuts the implication of authority arising from such his employment."  The same principle is recognized by Story on Agency, section 98. See the case of Williams *vs.* Walker, 2 Sandford's Chancery Reports, 225, in which the authorities bearing upon this question are cited and reviewed.  The case of Capel *vs.* Thornton, 14 English Common Law Reports, 605, cited by the defendant in error, in which it was held that an agent authorized to

sell goods has, in the absence of advice to the contrary, an implied authority to receive the proceeds of such sale, was an action for coals delivered. There was no *written security* given therefor in that case. If Shaffer had authority to sell the plaintiffs' machines, as their agent, he would have had the implied authority to have received the money therefor from the purchaser; or if authorized to sell on credit, to have taken the purchaser's note, payable to them, as was done in this case; but it does not follow that the agent had the authority to *collect* that note, due eight months after date, when it had been turned over to the plaintiffs as their property by the agents, without proof of any special authority to do so, or any evidence that such had been their habit and custom, the agent not having the note in his possession. We have given to this question quite a thorough examination, on account of the apparent hardship of requiring the defendant to pay for the machine twice, but we are well satisfied as to the law applicable to the facts of the case, and feel bound to enforce the general rule of the law in this case as well as in all other cases. This general rule of law will injure no one who exercises the ordinary degree of prudence in requiring the production of his note before he pays it. In our judgment, the court below erred in overruling the motion for a new trial.

Let the judgment of the court below be reversed.