## WILCOX, GIBBS & COMPANY *vs.* AULTMAN.

When the maker of a negotiable draft or note pays it to one who has not the possession of the paper at the time of such payment so as to enable him to take it up, but, instead thereof, takes a receipt for the money so paid, such receipt will not protect him from the payment of the draft or note when sued by the *bona fide* holder thereof before due.

Promissory notes. Contracts. Before Judge SIMMONS. Crawford Superior Court. March Term, 1879.

Reported in the decision.

W. E. COLLIER, by brief, for plaintiffs in error.

R. D. SMITH; M. D. STROUD; J. C. RUTHERFORD, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant on a draft drawn by him upon Messrs. Adams & Bazemore, payable to his own order, and indorsed by himself, for the sum of $88.70, dated 20th January, 1870, and due on the 6th day of November thereafter, with a crop lien annexed thereto. The defendant pleaded pay-

ment. On the trial of the case the jury, under the charge of the court, found a verdict in favor of the defendant. A motion was made for a new trial on the grounds therein stated, which was overruled, and the plaintiffs excepted.

It appears from the evidence in the record, that the plaintiffs became the *bona fide* holders of the draft before its maturity for a valuable consideration, to-wit: in the month of August, 1870, receiving the same from Loyd & Sons. The defendant testified that the draft was given by him for one ton of Frank Coe's guano, purchased by him from Bateman, who was the agent of Loyd & Sons, that in the fall of the year 1870 he paid the draft to Loyd & Sons; who told him that they did not have it, but would get it and send it to him in three days, and gave defendant a receipt in full payment of the draft. The defendant proved the payment of the money to Loyd & Sons, and the taking of their receipt therefor by another witness, so that the question is, whether the payment of the money by the defendant to Loyd & Sons, who did not have the draft at the time, was a good payment in law as against the plaintiffs, who, as the evidence shows, were then the *bona fide* holders of the draft. When the maker of a negotiable draft or note pays it to one who has not the possession of the paper at the time of such payment, so as to enable him to take it up, but takes a receipt for the money so paid instead of taking up his draft or note, such receipt will not protect him from the payment of the draft or note when sued by the *bona fide* holder thereof before due. 54 *Ga.*; 52. In view of the evidence in the record, the verdict of the jury was contrary to law, and it was error in not granting a new trial upon that ground.

Let the judgment of the court below be reversed.