MITCHELL *vs.* PRINTUP, BROTHER & POLLARD.

1. If credit be given to an agent individually, payment cannot be afterwards demanded of his principal; and in a suit between the creditor and the principal involving the state of their accounts, testimony as to credits given to the agent individually is irrelevant.
2. A payment to an agent who is known to be such by releasing his own debt is not a payment to the principal.

Evidence. Principal and Agent. Debtor and Creditor. Before Judge LAWSON. Green Superior Court. September Adjourned Term, 1880.

Reported in the decision.

W. O. MITCHELL, by brief, for plaintiff in error.

J. L. BROWN; JNO. C. REED, by brief, for defendants.

CRAWFORD, Justice.

Printup, Bro. & Pollard sued J. H. Mitchell on an open account, amounting to $320.00, for guano sold to him. He pleaded in defence payment, and set-off in the sum of $408.55, for three bales of cotton purchased by E. G. Williams, agent.

The facts of the case, as appear by the record, are that Williams was the agent of the plaintiffs to sell guano, and

sold that which is the subject of this litigation to the defendant. The cotton which the defendant seeks to set off was sold by him to Williams in 1875, who represented to defendant, Mitchell, that he had money in the hands of plaintiffs with which he would pay the debt. Not having paid it, and having Williams' due bill for the cotton, Mitchell employed an attorney-at-law, in 1877, to collect it, which he sought to do by contracting with Williams for the fertilizers sued for, and taking a receipt for the $320.00 signed by Williams, agent, for the plaintiffs in payment for the guano.

The jury, under the evidence and charge, found for the plaintiff, and the defendant moved for a new trial on the statutory grounds and because:

(1.) The judge withdrew from the jury all the testimony of Williams and J. H. Mitchell in reference to the cotton transactions, and the contract about the purchase and sale of the cotton between Williams and plaintiffs.

(2.) Because the judge erred in charging the jury that if they believed from the evidence that Williams was the agent of the plaintiffs in the sale of guano, and defendant or his attorney knew it, then Williams had no right to sell the guano and take in payment a debt he was owing on a due bill, although he had represented at the time of the transactions and before the sale of the guano, that he had authority from his principal to make such a trade, because his principal was owing him; and although said defendant, or his agent, acted upon such representation when he bought the guano, that while representations of agents generally bind their principals, such a representation as this could not.

1. On the first ground of exception we think that the judge committed no error in ruling out all the testimony of Williams and Mitchell as to the cotton transaction, for it had no legitimate connection with the matter in controversy. The sale of the specific cotton for which the defendant seeks to collect out of the plaintiffs in this suit,

was made in the fall of 1875, made to Williams individually, and his individual note or due bill taken therefor. He was not the agent of the plaintiffs to buy cotton, but even if he had been, the defendant, by giving credit to him individually and taking his note for the money, cannot afterwards demand payment of the principal. Code, §2198.

2. Nor was there any error committed by the judge in that part of his charge to which exception is taken. Its legal effect and meaning is, that if the jury believe from the evidence that Williams was the agent of plaintiffs to sell guano, and the defendant or his agent knew it when the guano was bought, then they could not buy the principal's guano from the agent and pay for it in the agent's own note, even though he may have said that he was authorized to do so, as the principal was owing him money.

The proof was clear that the effort of the defendant's attorney was to avail himself of this method of enforcing the collection of Williams' insolvent debt out of the plaintiff's fertilizers. But even if the law were as claimed by defendants' counsel touching the liability of the plaintiffs for the acts and sayings of the agent, in this transaction it will be observed that he put the authority not upon the power of his agency but upon the fact that the principal was owing him and, therefore, it would be all right. Had he stated the truth, doubtlesss it would have been all right, but being mistaken, and the defendant thus seeking to pay the debt of the plaintiffs by giving up to Williams his own note, left his debt unpaid and still due against him. For it is well settled by the authorities and our own court that a payment to an agent who is known to be such by releasing his own debt is not a payment to the principal. 30 *Ga.*, 836.

Judgment affirmed.