### HOOKS *vs.* FRICK & Co.

ATTACHMENT, FROM LAURENS. Practice in Superior Court. Charge of Court. Principal and Agent. Payment. Promissory Notes. New Trial. Attorney and Client. Argument. (Before Judge Kibbee.)

Jackson, C. J.—1. The statute prohibiting the judge from expressing or intimating an opinion on the evidence applies to cases of conflicting evidence, but not to a suit on promisory notes, where there is no plea of *non est factum*, no contradictory testimony and nothing before the jury but the notes sued on. In such a case it is the duty of the court to tell the jury what the law requires them to do, on the undisputed facts before them.

2. When C., as agent to sell for a firm, sold an engine, and another agent of the firm took notes from the purchaser, payable to such firm, and indorsed by C., on a suit thereon, it was not admissible to show that the defendant sent shingles to C. to sell and pay the notes, it appearing that the proceeds never want to pay the notes. Nor was it admissible to show the statements of C. after his agency for sale had terminated. 54 Ga., 52.

3. While it was unnecessary to charge the jury at all on the excluded evidence, yet the court charged the law when he said, "There is no evidence to show that Frick & Co. received the payment; it is true Hooks did attempt to pay the note, but he paid it to a person not authorized to receive it." 54 Ga., 52.

4. Newly discovered testimony which could not affect the verdict will not require a new trial.

5. Where there was no conflict of evidence, and the only evidence before the jury was certain notes sued on which demanded a verdict for the plaintiff, argument is unnecessary, and should not be allowed. Where the court charged the jury on the understanding that the case was submitted without argument, and then allowed argument, this did not require a new trial in favor of the party whose counsel was thus allowed to speak.

Judgment affirmed.

John M. Stubbs; H. E W. Palmer, for plaintiff in error.

Roberts & Smith, for defendants.