THOMAS MASON v. CEDAR LAKE ICE COMPANY.[1]

November 21, 1913.

Nos. 18,139—(44).

Contract — performance — question for jury.

Defendant made a proposition to supply plaintiff with ice for his meat market and to deliver it as ordered, which plaintiff accepted. After both parties had acted under this agreement for two years, plaintiff ordered ice which defendant promised to deliver on the same or the following day, but failed to do so, and in consequence thereof plaintiff's meats spoiled. *Held:*

(1) That the giving and acceptance of the order constituted a contract

1 Reported in 143 N. W. 1125.

123 M.—26.

for the delivery of the ice so ordered, even if the prior agreement were invalid.

(2) That whether defendant failed to deliver the ice as agreed, and whether plaintiff used proper efforts to obtain ice, were questions for the jury.

(3) That damage to the meats was within the contemplation of the parties as a probable consequence of the breach of the contract.

(4) That there were no reversible errors in the charge.

Action in the municipal court of Minneapolis to recover $408.34 for failure to deliver ice under an agreement. Among other matters the complaint alleged that defendant had a monopoly of the business of cutting, storing, selling and delivering ice within the territory described in the complaint; that, as an incident to plaintiff's business of selling fresh meats, fish, poultry and like commodities at retail, it was necessary that he be provided with ice at all times to preserve his stock, which was well known to defendant; that in May, 1910, plaintiff agreed to purchase and defendant agreed to sell all ice required by plaintiff in his business; that it was within the contemplation of both parties that the commodities which plaintiff was retailing could not be preserved without such ice and that plaintiff could not obtain ice from any other person or persons whatsoever, and if such ice was not so sold or delivered to plaintiff all of his commodities in stock would spoil, plaintiff would lose the value thereof and the profits to be realized by the sale thereof. The answer admitted that defendant was engaged in selling ice in Minneapolis and plaintiff was engaged in the business of dealing in meats, fish and poultry and bought ice of defendant for use in his business, admitted the sale and delivery of certain quantities of ice in June, 1912, and denied the other allegations of the complaint. The facts are stated in the opinion. The case was tried before Montgomery, J., who, when plaintiff rested, denied defendant's motion to dismiss the case, and a jury which returned a verdict for $152.24 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Simon Meyers,* for appellant.

*David R. Thomas,* for respondent.

TAYLOR, C.

This is an action to recover damages for breach of contract to furnish ice. Plaintiff recovered a verdict, and defendant appeals from an order denying its alternative motion for judgment or for a new trial.

Plaintiff conducted a meat market in the city of Minneapolis from May, 1910, until July, 1912. When he first opened his market,. defendant solicited the business of supplying him with the ice which he would need in connection therewith. Plaintiff accepted the offer, and, under the agreement, whenever he needed. ice, gave an order therefor to the driver of defendant's ice wagon. Whenever an order· was so given, the driver delivered the ice, either upon the same or the following day. Plaintiff paid for the ice received, upon bills therefor rendered by defendant at the end of each month. The business. between them was conducted in this manner during the entire period. that plaintiff operated his market.

Plaintiff claims that, on two occasions in June, 1912, he ordered ice in the usual manner which the driver promised to deliver on the same or the following day, but which in fact was not delivered until several days later, and that by reason of such delay his meats spoiled. and became worthless. Defendant denies that there was any delay,. and claims that the ice was delivered promptly and within the usual time. This issue was submitted to the jury and the evidence is sufficient to sustain the verdict.

Defendant insists that no valid contract existed between the parties, and that plaintiff cannot recover for that reason. It is urged that neither the quantity, price, terms, time of delivery, nor duration of the arrangement were specified or agreed·upon; and, therefore, that plaintiff was under no legal obligation to purchase from defendant, nor defendant to sell to plaintiff.

It is clear that either party could have terminated the arrangement. Plaintiff could have declined to make further purchases from defendant, and defendant could have declined to make further sales to plaintiff. Whether the fact that the arrangement had been acted upon by both parties for two years continuously before the alleged breach, imposed a duty upon the one terminating it, to give timely

notice thereof, so that its termination unexpectedly would not entail unnecessary loss upon the other, need not be determined. Defendant makes no claim that it had terminated the arrangement, or had sought or intended so to do. On the contrary defendant claims to have filled the orders in controversy under and in strict accordance with the agreement. Defendant's proposition to furnish ice was in the nature of a continuing offer to plaintiff; and when plaintiff gave the orders in controversy, and defendant accepted and undertook to fill such orders, a contract then came into existence between them for the delivery of the ice so ordered, even if the previous agreement were invalid.

Defendant also contends that plaintiff did not make a sufficient effort to save his meats by procuring ice elsewhere. Plaintiff testified that when the ice did not arrive at the usual time, he urged defendant to hasten its delivery and continued such urging until the delivery was made. His testimony also tends to show that no other ice was available in that locality. There is nothing to indicate that he had any reason to believe that the ice would not be delivered as requested; and whether he exercised reasonable diligence, under the circumstances, was a question for the jury and was properly submitted to them.

The charge to the jury contains no errors which require a reversal. Under the contract, it was the duty of the defendant to furnish the ice within such reasonable time after the order therefor had been received and accepted as was usual and customary. It appears without dispute that defendant knew the character of plaintiff's business and the purpose for which the ice was to be used. If, in consequence of defendant's failure seasonably to deliver the ice, plaintiff's meats became damaged without any fault or failure of duty on plaintiff's part, such damage, (in the words of the trial court), "may reasonably be supposed to have been in contemplation of both parties at the time of making their agreement to order and deliver the ice, as the probable result of the breach of it," and defendant was liable therefor.

The above matters appear so conclusively that we are of opinion

that it was not error for the court to instruct the jury to such effect as a matter of law.

Order affirmed.