CITY SAVINGS & TRUST COMPANY *v.* SELINA A. PECK AND
HAMILTON S. PECK.

February Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 8, 1918.

*Negotiable    Instruments—Assignment—Payment—Bona    Fide
Holder—Partial Failure of Consideration.*

A mortgagee of real estate assigned the mortgage and note, but no
notice of the transfer was given to the mortgagors, who made
payments on the note to the mortgagee, believing him to be the
owner thereof. The assignee looked to the mortgagee and to an in-
dorser on the note for payment, and expected the mortgagee to col-
lect the note from the mortgagors. *Held*, the payments made by
the mortgagors should in equity be treated as made to the mort-
gagee as agent of the assignee, to be applied upon the note.

The indorsee of a promissory note, negotiated while current, who has
paid therefor a sum equal to the face value thereof, less the dis-
count, is, under the Negotiable Instruments Law (No. 99, Acts
1912, sec. 59), *prima facie* deemed to be a holder in due course, and
is presumed to be a *bona fide* holder, the contrary not appearing.

A partial failure of consideration of a promissory note, between the
original parties thereto, is not available *pro tanto* in defence
against a subsequent holder for value and before maturity.

APPEAL IN CHANCERY. Petition for foreclosure of a real
estate mortgage. Heard on bill, cross bill, answers, oral evidence
and facts found by the chancellor at the September Term, 1917,
Chittenden County, *Butler*, Chancellor. Decree, that there was
due and unpaid on the note described in the bill of complaint, the
sum of $675.40; that plaintiff was the lawful holder thereof, that
the same was secured by the mortgage of defendants, of which
plaintiff was the equitable assignee and holder, and that plaintiff
was entitled to foreclose the mortgage; that unless the defendants
should pay or cause to be paid the sum due on or before one year
from June 12, 1917, with costs and interest, they and all persons
claiming under them, should be foreclosed of any equity in the

premises, and dismissing defendants' cross bill. Both parties appealed. The opinion states the case.

*Guy W. Hill* for plaintiff.

*Rufus E. Brown* for defendants.

WATSON, C. J.   The plaintiff seeks to foreclose a mortgage on certain real estate owned by defendant Selina A. Peck, the wife of defendant Hamilton S. Peck, given by defendants to secure a note dated November 20, 1911, signed by them, for the sum of $1,500, payable to the order of Daniel W. Aiken, one year after date, with interest.

It is found that the note was indorsed on the back by the payee and Adolph Rose & Company, and transferred to the plaintiff on July 17, 1912. At that time Aiken was indebted to Adolph Rose & Company for something like $2,200. This company was doing business at Vicksburg, Mississippi, and was a customer of the plaintiff bank, of which Adolph Rose was president. On the day last named, the plaintiff drew its check on the First National Bank of Vicksburg for $1,468.50, and delivered it to Adolph Rose, who in due course received the cash thereon. This was the face value of the mortgage note at the time, less the discount of $31.50. The note was thereupon indorsed as before stated and turned over to the plaintiff at its office in Vicksburg, and there remained with the plaintiff until December, 1916. It does not appear that the plaintiff at the time had any notice of a defence to the note or mortgage. Interest on the note was paid by Aiken to January 6, 1917. No interest appears to have been indorsed on the note or paid by defendants to the plaintiff. But the defendants had no knowledge, or notice, until January 16, 1917, that the plaintiff held the note. On the contrary, they had reason to believe, did believe and supposed until then, that the note and mortgage were still the property of Aiken and held by him.

On December 2, 1911, Aiken advanced to defendants $1,000 on the note. No further advancement was made by him, and as between him and defendants the consideration to the extent of $500 failed. Defendant Hamilton S. Peck, for himself and wife, paid to Aiken, from time to time, to apply on this note, the net amount of $1,210.75. These payments were made by defendants without knowledge that Aiken had transferred or disposed of the

note, and under the belief, rightly relying upon the supposed fact, that he was the lawful owner and holder thereof.

We think the chancellor was warranted in finding, as fairly inferable from the facts stated, that the plaintiff, at the time it took the note and thereafter, looked to and relied upon its president, Adolph Rose & Company, and Aiken to pay or see that the note was paid, and expected Aiken to collect the note and interest of defendants, and. that plaintiff knew, or was put upon inquiry and ought to have known, that Aiken was dealing with and collecting money upon the note from defendants.

If the plaintiff expected Aiken to collect the note and interest of defendants, it must have expected him to do so as its agent, for he had no right to do it otherwise. There is no other reasonable conclusion to be drawn, especially in view of the further fact that plaintiff knew, or ought to have known, that Aiken was dealing with defendants and collecting money of them on the note, and, so far as the case shows, made no objection thereto. In these circumstances, we think the payments made by defendants to Aiken should in equity be treated as made to him as plaintiff's agent, to be applied on the note, and that they were properly used by the chancellor in reduction of the sum due in equity.

On the claim to recover the full amount of the note, notwithstanding part of it was without consideration, it is argued by defendants that the plaintiff does not stand as a *bona fide* holder for value. But the record does not bear out this position. It appears that the note was negotiated to the plaintiff while current, and at a time when Aiken was indebted to Adolph Rose & Company in a sum much larger than the amount of the note; that the plaintiff then drew its check on another bank for a sum equal to the face value of the note less the discount stated above, and delivered the same to Adolph Rose who received the cash thereon in due course; that the note was thereupon indorsed as before stated and turned over to the plaintiff, and has hitherto been held by it. By statute the plaintiff is deemed *prima facie* to be a holder in due course (Laws of 1912, No. 99, § 59), and the presumption is that it is a *bona fide* holder, as the contrary does not appear. *Blaney* v. *Pelton*, 60 Vt. 275, 13 Atl. 564; *Limerick Nat. Bank* v. *Adams*, 70 Vt. 132, 40 Atl. 166.

Nor in the circumstances of this case is the fact of partial want of consideration for the note, between the original parties thereto, available in defence *pro tanto* against the plaintiff, as

transferee. *Farrar* v. *Freeman*, 44 Vt. 63; *Thrall* v. *Horton*, 44 Vt. 386; *Hoyt* v. *McNally*, 66 Vt. 38, 28 Atl. 417.

*Decree affirmed and cause remanded. Let a new time of redemption be fixed.*