18829. Osborn *v.* War Finance Corporation.

Jenkins, P. J. Osborn executed a negotiable promissory note to Bishop Banking Company, and that company transferred it to the War Finance Corporation, which placed the note back in the hands of the banking company, as its special agent, under a trust receipt, for collection. On the trial of the suit on the note, brought by the War Finance Corporation against Osborn, he testified, in support of his plea of payment, that he did not know that the bank had traded off the note, and that upon being called upon by it for payment he instructed the president of the bank to convert into cash an unmatured time-certificate held by him against the bank, and to apply the proceeds, together with certain other funds held by the bank on deposit for him, to the note. The defendant swore that the bank president promised to comply with these instructions. It appears that the bank went into liquidation without compliance with the instructions. The court directed a verdict in favor of the plaintiff, and the defendant excepted. *Held:* While possession of the negotiable note by the bank indicated its authority to receive payment thereon, so that payment in cash by the maker to the bank as the special agent of the holder would absolve the maker from further liability (Civil Code of 1910, § 3578; *Sherrod* v. *Springfield Baptist Church*, 21 *Ga. App.* 200, 93 S. E. 1009), nothing save an agreed settlement of the note with the holder, or payment in cash to the bank,

would amount to a satisfaction; and the defendant took the risk of the bank's failure to carry out any executory agreement, with which it was entrusted by the maker as his agent to perform, in converting certain choses in action into cash for the purpose of being applied in payment of the note. *Hirsch* v. *Oliver,* 91 *Ga.* 554, 561 (18 S. E. 354). Even though the evidence were to be construed as showing an agreement by the bank to accept the time-certificate issued by it to the defendant as in payment of the note held by it as agent for collection, such conduct on the part of the bank would not bind its principal, since it is the general rule that "a payment to an agent by releasing his personal debt is not a payment to the principal." *Bostick* v. *Hardy,* 30 *Ga.* 836; *Walton Guano Co.* v. *McCall,* 111 *Ga.* 116 (36 S. E. 469); *Mitchell* v. *Printup,* 68 *Ga.* 675. The fact that the maker of the note might not have known that the bank to whose order the note was made payable had parted with its title, and held the note merely as agent for collection, would not operate to change the rule as against the rights and interest of the true owner, since the note was negotiable on its face, and it was incumbent upon the defendant to settle with the actual owner or else make payment in cash to its duly authorized agent.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 13, 1928.

*James W. Arnold,* for plaintiff in error.
*Green & Michael, W. K. Meadow,* contra.