21045. STANFIELD *v.* KENNEDY, executor.

STEPHENS, J. 1. An indebtedness by the payee to the maker of a negotiable promissory note, which is not connected with the debt evidenced by the note or the transaction out of which the note arises, cannot be set off by the maker against the transferee, notwithstanding the transferee may have acquired the note under dishonor. Civil Code (1910), § 4344; *Butler* v. *Mitchell,* 128 *Ga.* 431 (57 S. E. 764); *Kinard* v. *Sanford,* 64 *Ga.* 630.

2. While a payment on a negotiable promissory note, made by the maker to the payee after the maturity of the note but before its transfer, may as a subsisting equity be set off against the transferee, a mere executory agreement between the payee and the maker, that certain monies which may afterwards become payable by the payee to the maker on an unmatured claim of the maker against the payee should be applied as a payment on the note, does not of itself constitute a payment on the note, and where the note is transferred before the agreement becomes executed and can thereby amount to a payment on the note, such payment, where it does not reach the transferee, can not be set off against the transferee. *Georgia State Bank* v. *Harden,* 32 *Ga. App.* 300 (124 S. E. 68).

3. An agreement between the transferee of a note and the maker to accept as a payment on the note the maker's transfer of a claim against the payee, where the agreement is without consideration and is unexecuted, does not amount to a payment on the note, and can not be pleaded against the transferee as payment.

4. This being a suit upon negotiable promissory notes, brought by the transferee against the maker, in which the defendant admitted the execution of the notes, and by way of set-off and as a credit on the notes pleaded an alleged indebtedness by the payee to the defendant, and also an alleged agreement between the transferee and the defendant to accept as payment on the notes a transfer by the defendant of the defendant's claim against the payee, and it not appearing from the evidence that the indebtedness of the payee to the defendant, which was for services as an attorney in representing the payee, was connected in any way with the debt sued on or the transaction out of which it sprung, or that the alleged agreement between the defendant and the payee, by which the payee, in consideration of the defendant's surrendering certain evidences of the indebtedness such as fi. fas. and other papers belonging to the payee, and releasing liens thereon for fees, agreed to apply on the payment of the defendant's notes all attorney's fees due by the payee to the defendant, was other than a purely executory agreement, or that any attorney's fees for services to the payee had, prior to the transfer of these notes to the plaintiff, accrued to the defendant, or had been paid upon the defendant's notes to the payee, and it also not appearing that the alleged agreement between the defendant and the transferee that the defendant's claim for fees against the payee should be applied as a credit by the transferee on the notes was executed, or was other than a mere naked promise and without any consideration, the evidence was insufficient to carry the burden resting upon the defendant to establish any of the defenses to the notes; and the verdict directed and found for the plaintiff, in the amount of the principal and interest as sued for, was, as a matter of law, demanded.

5. The allegation in the petition as to notice to the defendant of the plaintiff's intention to bring suit upon the notes and claim attorney's fees being denied in the defendant's plea, and there being no evidence as to time of the service of such notice upon the defendant, the verdict, in so far as it finds for attorney's fees, is without evidence to support it and contrary to law.

6. Since the verdict as directed for the principal and interest was as a matter of law demanded, and the verdict in so far as it finds for attorney's fees is without evidence to support it and is contrary to law, the judgment overruling the defendant's motion for a new trial is affirmed on condition that the plaintiff will, at the time the judgment of this court is made the judgment of the trial court, write off from the verdict and judgment the amount found as attorney's fees; and upon the plaintiff's failure so to do, the judgment overruling the defendant's motion for a new trial is hereby reversed.

*Judgment affirmed on condition. Jenkins, P. J., and Bell, J., concur.*

Decided August 29, 1931.

*P. M. Anderson,* for plaintiff in error.