## 22275. POWELL v. BANK OF MANCHESTER.

SUTTON, J. 1. Where, in order to secure an unpaid balance on the purchase-price of an automobile, Powell executed to the Meriwether Motor Company a retention-of-title note payable in installments in certain definite amounts on various consecutive dates, and before the payment and maturity of any of the installments the Meriwether Motor Company, without Powell's knowledge, transferred the note to the Bank of Manchester, and Powell thereafter continued to pay to the motor company certain installments as they fell due, which payments the motor company transmitted to the bank, and the bank accepted them in payment of the installments due, such a course of dealing was sufficient to authorize the inference that the bank had constituted the motor company its secret agent in dealing with Powell to collect the installments as they fell due. *Continental Guaranty Cor.* v. *Smoke,* 29 *Ga. App.* 438 (116 S. E. 14). This is so even though Powell found out from the bank that it held the note, he asking the bank at that time if the motor company had remitted the payments to it and the bank informing him that it had, and Powell thereafter continuing to make payments to the motor company. Civil Code (1910), § 4311.

2. Where Powell gave to the motor company his automobile in payment of the balance due on the note, upon the theory that the motor company

had been accredited by the bank as its agent to collect the note, this payment to the motor company·could be set up in a suit against Powell on the note, although the motor company did not remit all the proceeds of a sale of this automobile by it to the bank. *Continental Guaranty Cor.* v. *Smoke,* supra; and see Civil Code (1910), § 4311, and *McLaughlin* v. *Blount,* 61 *Ga.* 168; *Holmes* v. *Langston,* 110 *Ga.* 861 (36 S. E. 251); *Armour Fertilizer Works* v. *Maddox,* 168 *Ga.* 429 (3) (148 S. E. 152).

3. Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, demands a particular verdict, the court may direct the jury to find for the party entitled thereto. Civil Code (1910), § 5926.

4. It follows that as the evidence for the defendant would authorize the jury to find as stated in paragraphs 1 and 2 above, it was error for the court to direct a verdict for the plaintiff.

*Judgment reversed.* *Stephens, J., concurs. Jenkins, P. J., dissents.*

DECIDED JANUARY 12, 1933.

*R. A. McGraw,* for plaintiff in error. *G. C. Thompson,* contra.

JENKINS, P. J., dissenting. My views on the law of this case are expressed in the special concurrence filed in the case of *Star Furniture Co.* v. *Dubberly,* 46 *Ga. App.* 178. While the proof might have authorized an inference that the vendor was recognized by the bank as its agent to collect payments on the note, there is no evidence going to indicate that the vendor was anything more than such a mere special agent.