## 26119. AUTOMOBILE FINANCING INCORPORATED
## v. TATUM.

DECIDED JULY 3, 1937. REHEARING DENIED JULY 28, 1937.

*Arthur F. Copeland, Joseph D. Tindall,* for plaintiff.
. *Oscar D. Smith,* for defendant.

SUTTON, J. Automobile Financing Inc. foreclosed a retention-of-title contract against Mrs. R. E. Tatum, for $344.60 as a balance due for a certain automobile. The defendant filed an affidavit of illegality, alleging that the amount of the fi. fa. based on the foreclosure proceeding was for a larger amount than was due on the contract, and that she had made two payments of $34.46 each, for which she had not received credit. The evidence showed that the automobile in question was purchased from the Columbus Roberts Motor Company, and that the retention-of-title contract given therefor was transferred with recourse to Automobile Financing Inc. Eight payments were made on the contract, only six of which were credited. All of the payments were made to the Columbus Roberts Motor Company and by that company sent to the Trust Company of Georgia, which was the agent of the financing company for the collection of its contracts. Some of the payments were made in cash, and some of them were in the form of credits on doctor's bills owed by employees of the motor company to the husband of the defendant. The financing company did not know that the payments were being made to the motor company, and it was not informed by the Trust Company of Georgia that it was receiving the payments from the motor company. Notice was given to the husband of the defendant that payments were due on the automobile, and that they were due to be paid to said trust company; but just when this notice was

given does not appear, it only appearing that the notice was given after some payments had been made to the motor company. By agreement the issue was tried before the judge of the municipal court of Columbus, without a jury. He found in favor of the plaintiff, after allowing credit for the two payments of $34.46 each, claimed to have been made by the defendant and for which she had not received credit. The plaintiff made a motion for new trial, which was overruled. Its certiorari also was overruled, and the exception is to that judgment.

■ Where, in order to secure an unpaid balance on the purchase-price of an automobile, the purchaser executed to the automobile dealer a retention-of-title contract payable in installments in certain amounts on various consecutive dates, and, before the payment and maturity of any of the installments, the automobile dealer, without the purchaser's knowledge, transferred the contract to an automobile financing company, and the purchaser thereafter continued to pay to the automobile dealer certain installments as they fell due, which payments the automobile dealer transmitted to the automobile financing company or its agent, and the automobile financing company accepted them in payment of the installments due, such a course of dealing was sufficient to authorize the inference that the automobile financing company had constituted the automobile dealer its secret agent in dealing with the purchaser to collect the installments as they fell due. *Continental Guaranty Corporation* v. *Smoke,* 29 *Ga. App.* 438 (116 S. E. 14) ; *Powell* v. *Bank of Manchester,* 46 *Ga. App.* 264 (167 S. E. 343).

■ Where the purchaser paid to the automobile dealer two subsequent payments due on the contract, in accordance with the practice above outlined, and without any notice that the automobile dealer had no authority to receive such payments, the purchaser could, in a suit by the transferee, the automobile financing company, set up as a defense the payments which she had made to such secret agent, even though the automobile dealer had not remitted these payments to the automobile financing company. Under the facts, the finding of the trial judge was authorized, and the judge of the superior court did not err in overruling the certiorari. *Continental Guaranty Corporation* v. *Smoke, 29 Ga. App.* 438 (2) (116 S. E. 14).

272

*Judgment affirmed. Stephens, P. J., concurs. Felton, J., dissents.*

FELTON, J. I dissent from the majority opinion, for the reason that in my opinion it is in direct conflict with the principle laid down by the Supreme Court in *Universalist Convention* v. *Guest*, 179 *Ga.* 168 (175 S. E. 466), wherein it was held that where the maker of a note pays money on it to a supposed agent of the holder, without requiring the production of the instrument, he assumes the burden of proving agency. Under the facts in this case the maker of the note did not carry this burden. There was no evidence that the Trust Company of Georgia was notified that the payments were made by Mrs. Tatum. The indorsement of the note *with* recourse gave to the transferee the right to collect it from the maker or payee; and where payments are made by the payee, without knowledge on the part of the transferee that they have been paid to the payee by the maker, such payments alone do not charge the transferee with knowledge that the maker made the payments; and therefore the transferee can not be said to have ratified the actions of the payee and the maker, making the payee its agent. I think the maker of the note failed to establish the agency, and that the certiorari should have been sustained.