29086.  COOPER *v.* AMERICAN DISCOUNT COMPANY.

DECIDED OCTOBER 1, 1941.

*R. H. Hutcheson,* for plaintiff in error.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* contra.

GARDNER, J. 1. On the general grounds Cooper contends that the evidence showed that the purchase-price of the truck had been fully paid to the Kemp-West Motor Company, the general agent of the American Discount Company, and that the debt to the plaintiff was thereby discharged, or that under such evidence an issue was raised for determination by the jury. To this we can not agree. It will be observed that the only payments by Cooper to the Kemp-West Motor Company, after the execution of the instrument sued on, was the $250 check and the $60 note. The credit memorandum of $700 was executed before the execution of the note sued on, and represented a debt due by the Kemp-West Motor Company to Cooper. Granting that the Kemp-West Motor Company was the agent of the American Discount Company to collect the note, the Kemp-West Motor Company had no legal authority to credit on the note which the American Discount Company then held a debt which Kemp-West Motor Company owed to Cooper. *Stanfield* v. *Kennedy,* 43 *Ga. App.* 738 (159 S. E. 880). "A payment to an agent by releasing his personal debt is not a payment to the principal." *Bostick* v. *Hardy,* 30 *Ga.* 836; *Mitchell* v. *Printup,* 68 *Ga.* 675; *Hodgson* v. *Raphael,* 105 *Ga.* 480 (2) (30 S. E. 416). See also *Osborn* v. *War Finance Corporation,* 39 *Ga. App.* 42 (145 S. E. 917).

2. With reference to the special grounds, most of them are interrelated with the general grounds. Ground 5 complains that the court erred in directing a verdict because the instrument sued on was on a printed form, bearing the name of the plaintiff, and this should have been submitted to the jury to determine whether or not the Kemp-West Motor Company was such a representative of the plaintiff that the plaintiff could not recover under the evidence as above set forth. This ground is without merit.

3. Ground 6 complains that evidence as to the setting up of the $12 reserve should have gone to the jury in order that it might determine whether or not Kemp-West Motor Company was such an agent of the plaintiff as to relieve the defendant of any further pay-

ment. Under the evidence as above outlined, and what we have said about the general grounds, this ground is without merit.

4. Ground 7 complains that because of the long course of dealing between the plaintiff and the Kemp-West Motor Company the court erred in directing a verdict. There is no merit in this ground.

5. Ground 8 complains of error because the court refused to allow in evidence approximately 100 letters written by the plaintiff to the Kemp-West Motor Company in proof of the course of dealing as set forth in the stipulation above quoted. This could have added nothing to the stipulation. Moreover, the brief of evidence shows that the letters were admitted, although this ground of the motion for new trial states to the contrary. This ground is without merit.

6. Ground 9 complains that the court erred in directing a verdict for the reason that the attorney for the plaintiff assured Cooper that he would not be sued, and that this tended to show an admission on the part of the plaintiff that the note sued on had been paid before suit was filed. This ground is without merit.

7. Ground 10 complains that the court erred in directing a verdict because of the testimony of the defendant to the effect that he executed the note sued on with the intention of getting insurance on the truck, and that he had paid the note in full with the credit memorandum of $700, check for $250 and a note for $60; that the jury would have had the right to consider whether or not the Kemp-West Motor Company was such an agent of the plaintiff that these transactions with the Kemp-West Motor Company were payments to the plaintiff. The instrument sued on was negotiable, was transferred in due course for value before maturity, and this evidence showed nothing to the contrary. This ground is without merit.

8. Ground 12 complains that the court erred in refusing to allow the defendant to introduce a certified copy of count 2 of the indictment against Kemp. The brief showed that the court allowed the introduction of this evidence. This ground is therefore without merit.

9. Ground 13 complains that the court erred in not declaring a mistrial on the ground that H. M. Kemp of the Kemp-West Motor Company left the court-room and was not accessible as a witness, and that the defendant desired to prove by him the course of deal-

ing with the plaintiff by the Kemp-West Motor Company, in order to establish general agency for the purpose of showing that the defendant was not liable to the plaintiff under the evidence above set forth. This ground is without merit for two reasons: first, the stipulation entered into fully covered this situation, and, second, the motion was not made until after the court had directed a verdict. The court did suspend for fifteen minutes to give the defendant an opportunity to procure the witness, which he did not do, and the court therefore did not err in refusing to order a mistrial.

10. Ground 14 complains that the whole evidence showed that if the defendant was due anything it was only $214.70. As above stated, from the facts of this case, on the hearing of this motion the court recognized this contention of the defendant, and conditioned his order on the motion on a reduction of the judgment to $214.70, besides interest. To this reduction the plaintiff acceded. This ground is without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*