## JEROME DWORSKY AND OTHERS v. UNGER FURNITURE COMPANY.[1]

April 2, 1942.

No. 33,095.

[1]Reported in 3 N. W. (2d) 393.

*Louis Sachs* and *John C. Haave,* for appellants.

*Oscar S. Wilson* and *Fosnes & Rolloff,* for respondent.

GALLAGHER, CHIEF JUSTICE.

In an action to recover on an assigned account, the court directed a verdict for defendant. Plaintiffs appeal from an order denying their motion for judgment notwithstanding the verdict or a new trial.

The defendant, Unger Furniture Company, was a copartnership retailing furniture in Montevideo, Minnesota. The present action arose out of three purchases of furniture made by it from Reliable Jobbers, Inc. of Minneapolis. These purchases were represented by invoices dated, respectively, February 1, 1940, March 6, 1940, and March 13, 1940. Although the evidence on the point is incomplete, it appears that the invoices bore the date the orders for the goods were taken.

The invoice dated February 1, 1940, was assigned to plaintiffs on February 6, 1940. The goods represented by it were delivered and paid for on February 9, 1940, payment being made by handing to the driver of the delivery truck a check for the purchase price payable to Reliable Jobbers. The invoices dated March 6, 1940, and March 13, 1940, were assigned to plaintiffs on March 13, 1940. Payment and delivery were made on March 23, 1940, by handing to the driver of the truck a check payable to Reliable Jobbers.

Ray Unger, in charge of defendant, testified that all dealings with Reliable Jobbers were consummated through Jack Fleischer, the owner. He further testified that defendant had an arrangement with Reliable Jobbers which had been followed many times, whereby Reliable Jobbers delivered ordered merchandise in its

truck and defendant gave the driver a check for payment in full.

The contention of plaintiffs is that defendant had notice of the assignments to them at the time defendant made payments to Reliable Jobbers. Mr. Z. A. Dworsky, a member of plaintiff company, testified that he personally mailed to defendant the original invoices with a form letter stating that the account had been assigned to plaintiffs. However, he did not testify as to when he mailed the letters, and he admitted that it was done on stationery of Reliable Jobbers. The invoices bore in their upper right-hand corner a small boxed-in square in which was printed in small type the following: "This invoice has been sold and assigned to The North Union Company, 941 Northwestern Bank Building, Minneapolis. When due make checks payable directly to them." The strongest evidence that defendant had notice of the assignment before payment is that the checks made payable to Reliable Jobbers, Inc. bore the legend, "By endorsement this check when paid is accepted in full payment of the following account," and under this legend the check dated February 9, 1940, had written on it, "Invoice of 2/1/40 500.00 NET." The other check dated March 23, 1940, bore a similar inscription, referring to the invoices of March 6 and March 13.

The original contract between Reliable Jobbers, Inc. and plaintiffs under which these accounts were assigned contained a provision reading:

"Any and all payments made by said dealers or debtors whether payable to the order of the vendor or the Purchasers, buying the property of the Purchasers shall be delivered over to such purchasers forthwith. And the vendor agrees to endorse over to the purchasers any and all checks, drafts, money orders or other instruments of payment which may be made payable to the vendor and transmitted to the vendor by such dealers as may have notice of or who may disregard the notice of the assignment of such account to the purchasers. And the vendor hereby specifically authorizes and directs the said purchasers to endorse on all such checks, drafts, money orders or other instruments of payment,

coming into the purchaser's possession and being made payable to the vendor, the name of the vendor for the payment of all items as are the property of purchasers."

This appeal presents three questions: (1) Was there an assignable right in Reliable Jobbers, Inc.; (2) if so, did defendant have notice of the assignment before making payment; and (3) was Reliable Jobbers, Inc. the agent of plaintiffs to receive payment from dealers disregarding or not having notice of the assignment? The trial court was of the opinion that Reliable Jobbers, Inc. had no right to assign, and that, even if they did have, plaintiffs had not sustained the burden of proving that defendant had notice of the assignment.

By taking the orders of defendant for merchandise, Reliable Jobbers, Inc. impliedly agreed to sell, creating a present contract. 1 Williston, Contracts (Rev. ed.) § 90; *cf.* Mason v. Cedar Lake Ice Co. 123 Minn. 401, 143 N. W. 1125. Under this contract, delivery and payment were concurrent conditions. The right of Reliable Jobbers, Inc. to payment was conditioned upon delivery of the merchandise, its side of the bargain. The conditional nature of the right, however, did not make it unassignable. Restatement, Contracts, § 155. It has been held by this court that "one who has contracted to perform certain specified work may assign his claim for the compensation to be received therefor before the work has been performed." Leonard v. Farrington, 124 Minn. 160, 161, 144 N. W. 763, 764; Quigley v. Welter, 95 Minn. 383, 104 N. W. 236. In Hillsdale Distillery Co. v. Briant, 129 Minn. 223, 228, 152 N. W. 265, 266, a claim presented by a saloonkeeper for refundment of a license fee, a claim which had been held in Bender v. City of Fergus Falls, 115 Minn. 66, 131 N. W. 849, to be unenforceable either at law or equity resting solely in the discretion of the city council, was held assignable. The basis of that decision was the "substantial foundation for the expectation that" the refundment would be made. It is not necessary in the instant case to go as far as this court did in the Hillsdale case, for here

Reliable Jobbers, Inc. had a presently existing, although conditional, contract right.

The question whether defendant had notice of the assignment was one of fact for the jury. The evidence seems to indicate that it did not have notice, but in view of the form of the checks it cannot be so held as a matter of law.

Since defendant could be found by the jury to have had notice of the assignment of the account to plaintiffs, the case should have gone to the jury on that point unless the contract between plaintiffs and Reliable Jobbers, Inc. constituted Reliable Jobbers, Inc. the agent of plaintiffs to receive payment. The pertinent provision provided that Reliable Jobbers, Inc. agree to "endorse over to the purchasers any and all checks, drafts, money orders or other instruments of payment which may be made payable to the vendor and transmitted to the vendor by such dealers as may have notice of or who may disregard the notice of the assignment of such account to the purchasers." It is true that aside from the contract the assignor was not free "to thwart the assignee, or deprive him, by indirect means, of the benefit of his opportunities to realize on the claim." Sherwood v. O'Brien, 58 Minn. 76, 81, 59 N. W. 957, 959. But this contract provision goes beyond that. Indeed, it contemplates the occurrence of the very situation presented here. Reliable Jobbers, Inc. agreed to endorse over to plaintiffs those items made payable to it which were sent to it by dealers disregarding the notice of assignment. Being required to do this by contract, Reliable Jobbers, Inc. must be regarded as having authority from plaintiffs to fulfill their contract obligation. Cf. City Savings & Trust Co. v. Peck, 92 Vt. 310, 313, 103 A. 1020. Therefore, payment by defendant to Reliable Jobbers, Inc. discharged the debt as to plaintiffs. City Savings & Trust Co. v. Peck, supra; Exchange Nat. Bank v. Johnson (C. C.) 30 F. 588; New England Nat. Bank v. Dick, 84 Kan. 252, 114 P. 378; Diamond Distilleries Co. v. Gott, 137 Ky. 585, 126 S. W. 131, 31 L.R.A.(N.S.) 643.

The order of the trial court must be affirmed.