Robert JONES, Appellant,

v.

HAMILTON NATIONAL BANK OF WASH-
INGTON, Appellee.

No. 1529.

Municipal Court of Appeals
District of Columbia.

Argued Sept. 27, 1954.

Decided Nov. 2, 1954.

D. Carroll McGean, Washington, D. C., for appellant.

Jo V. Morgan, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

On April 5, 1950, appellant signed a promissory note payable to Hilltop Radio-Television Company, Inc., in the principal sum of $836.47, without interest at the payee's place of business in monthly instalments of $34.92 the first month and $34.85 thereafter. On April 7, 1950, the note was endorsed to appellee bank. This action was brought by the bank against appellant for an alleged balance due on the note of $244.55. The defense was payment. Ac-

cording to the records of the bank fourteen payments in varying amounts had been made, totalling $591.92. According to a receipt book given appellant by Hilltop twenty payments in varying amounts had been made, totalling the full amount of the note. Six payments totalling $244.55 which appeared on the receipt book did not appear on the bank records. Appellant testified that he made all payments to Hilltop with the exception of the last three payments which he made directly to the bank. The disputed payments are the six payments immediately preceding the last three.

The bank offered no evidence that it ever notified appellant that it was the holder of the note and that payments should be made to it; but appellant admitted that he received some notice from the bank prior to September 28, 1950, and that for the payment made on that date he received from the bank or from Hilltop a receipt by the bank, and admitted that in January of 1952 he received a letter from the bank stating the note was overdue.[1] The bank likewise offered no evidence that payments had not been made by appellant to Hilltop as testified to by appellant and as shown on the receipt book issued by Hilltop.

The trial court made a general finding for the bank, and the question presented is whether, as against the bank, appellant is entitled to credit for payments made by him to Hilltop which were not paid over to the bank. The bank suggests that under the general finding in its favor the trial court may have found that the six disputed payments in fact were not made to Hilltop. On the record before us we think no such finding can be assumed. If the trial court had intended such a finding, it should have so stated and not left the matter for conjecture by the parties or this court. The trial court appears to have adopted the view urged by the bank that appellant was entitled to only those credits which came into the hands of the bank.

██ It is well settled that payment of a promissory note to a person not in possession of it is at the peril of the payer. Eastern Acceptance Corporation v. Henry, D.C. Mun.App., 62 A.2d 309, citing Davis v. Casey, 70 App.D.C. 27, 103 F.2d 529. To this rule there is an exception when "the conduct and course of dealings of the holder are such as to engender in the mind of the payer a justifiable belief that the payee or the party receiving the money is the agent of the holder for that purpose." Sherrill v. Cole, 144 Okl. 301, 291 P. 54, 55.[2] This exception was recognized in Davis v. Casey, supra, but there it was held that there was no "holding out of agency which might have misled the defendants." [70 App.D.C. 27, 103 F.2d 534.]

The question before us is whether the action and conduct of the bank was such as to justifiably lead appellant to believe that Hilltop was the bank's agent for collection. As we have said before, there is no evidence that the bank ever notified appellant to make payments directly to it. On cross-examination appellant admitted receiving a notice of some sort from the bank prior to September 28, 1950, but the bank did not produce the notice or give any evidence of its contents. The bank offered in evidence a receipt given by it on September 28, 1950, for three monthly payments apparently made in advance for the months of November and December 1950 and January 1951. Appellant says he paid this sum to Hilltop. The bank does not deny this, so it must have received the money from Hilltop. It issued its receipt to appellant, but presumably gave it to Hilltop to be delivered to appellant. Appellant was not certain from whom he received it, and the bank offered no evidence

1. The statement of proceedings and evidence says appellant testified that he received the letter in January of 1951, but this is obviously incorrect. Even according to the bank records the note was not overdue in January 1951, and there is in the record a letter from the bank under date of January 21, 1952.

2. See also Automobile Financing, Inc., v. Tatum, 56 Ga.App. 270, 192 S.E. 538; Brown v. Guaranty Securities Co., Tex. Com.App., 265 S.W. 547; City Savings & Trust Co. v. Peck, 92 Vt. 310, 103 A. 1020; First Nat. Bank of Seattle v. Hessell, 133 Wash. 643, 234 P. 662.

on this point. Appellant continued to make payments to Hilltop and the next four payments received by Hilltop were paid over to the bank. On January 21, 1952, the bank wrote that "our records" show the note to be overdue; that the note "is payable to the Hilltop Radio & Television Co., Inc.," and that unless the note was brought up to date it would be turned over to the bank's attorneys. At that time three previous payments had been made to Hilltop which had not been received by the bank and thereafter three more payments were made to Hilltop which did not reach the bank. After the last of those payments had been made the bank communicated in some form with appellant and he made the final three payments directly to the bank. The last of his payments was $68.80, a sum which, according to Hilltop's receipt book, completed payments on the note. This payment was made October 23, 1952. There is no showing that any demand was made on appellant after that date until six months later when this action was brought.

■ On this evidence appellant was entitled to judgment. It is obvious that the bank knew appellant was making his payments to Hilltop and that this was satisfactory to the bank so long as Hilltop paid over to the bank the money it collected from appellant. At no time did the bank notify appellant to make payments directly to it. Indeed, at no time did the bank in express terms notify appellant that the note had been endorsed to it and that it was the owner of the note. When it wrote to appellant in January 1952, it referred to the note as "payable to" Hilltop and said nothing about ownership being in the bank. Telling appellant that the note was payable to Hilltop could reasonably be interpreted by appellant as meaning that payments should be made to Hilltop. Of course the burden of proving payment and the authority, express or ostensible, of Hilltop to receive payment was on appellant. However, all the evidence pointed one way, and the bank offered no testimony denying the authority of Hilltop. It was error not to sustain the defense of payment.

■ The bank argues that even if it be held that Hilltop had authority to receive payment, appellant's testimony shows a balance of $35.50 still due and that it is entitled to judgment for that amount. This argument seems to be based on the fact that the statement of proceedings and evidence fails to show that appellant testified he made the payment shown on his receipt book to have been made on January 5, 1952. We think the receipt book which, according to the record, was "properly identified and admitted in evidence" overcame any deficiency in appellant's testimony. In this connection, we note that the statement of proceedings and evidence also fails to show that appellant testified he made the first payment on May 4, 1950, but this payment is shown not only on the receipt book but also on the bank's records.

Reversed with instructions to enter judgment for appellant.