43891. NORTHSIDE BUILDING & INVESTMENT COMPANY, INC. v. FINANCE COMPANY OF AMERICA.

ARGUED SEPTEMBER 6, 1968—DECIDED FEBRUARY 3, 1969.

*Ben J. Camp,* for appellant.

*Powell, Goldstein, Fraser & Murphy, Wayne H. Shortridge, Larry I. Bogart,* for appellee.

QUILLIAN, Judge. There are two basic issues to be resolved. (1) Was the Finance Company a holder in due course? For if so, the defense of payment raised by the defendant would be effectively negated unless the plaintiff had notice of the payment within the meaning of *Code Ann.* § 109A-3—602 (Ga. L. 1962, pp. 156, 277). (2) If the plaintiff were not a holder in due course, would he be entitled to invoke *Code* § 4-308, which provides: "Where money is due on a written evidence of debt, payment to an agent of the creditor who fails to produce the obligation shall be at the risk of the debtor. Nonproduction of the security shall rebut the implication of authority arising from the agent's employment, and it must be otherwise established."

We first consider the status of the plaintiff Finance Company. While a transfer for value of an instrument gives the transferee the specifically enforceable right to have the unqualified indorsement of the transferor, "negotiation takes effect only when the indorsement is made and until that time there is no presumption that the transferee is the owner." *Code Ann.* § 109A-3—201 (Ga. L. 1962, pp. 156, 248). "Negotiation is the transfer of an instrument in such form that the transferee be-

comes a holder." *Code Ann.* § 109A-3—202 (Ga. L. 1962, pp. 156, 248).

Under the negotiable instruments law one who took a note or other negotiable instrument as collateral security held the status of a bona fide holder up to the extent of his interest. See *Code* §§ 12-603, 14-304 (now repealed). However, in order to cut off the equities and defense of the maker the note must be indorsed since a pledgee or one who took such note by assignment as collateral security without indorsement by the payee was not a holder in due course. 10 CJS 793, Bills and Notes, § 308.

Under the provisions of the Commercial Code, now in effect, in order to be a "holder" in due course one must first be a "holder" within the meaning of the Act. A holder is defined as a "person who is in possession of a document of title or an instrument or an investment security drawn, issued or indorsed to him or to his order or to bearer or in blank." *Code Ann.* § 109A-1—201 (20) (Ga. L. 1962, pp. 156, 161). Thus, it is apparent that at the time of the transaction between Lunsford and Miller the Finance Company was not a holder since there had been no indorsement to it of the note in question.

However, under the provisions of *Code Ann.* § 109A-3—201 the Finance Company as transferee would acquire the same rights as its transferor had. In this case Stockbridge was the transferor but there was no showing that it was a holder in due course. Where it is shown that a defense exists, the plaintiff may seek to cut off such defense by establishing itself as a holder in due course or that it has acquired the rights of a prior holder in due course under *Code Ann.* § 109A-3—201. But in doing so the plaintiff must sustain the burden of proof by a preponderance of evidence. There was no showing made to sustain this burden, that anyone through whom the plaintiff had acquired its rights was a holder in due course.

We point out that the Finance Company did not become a holder in due course on March 11, 1965, when it purchased the note at the foreclosure proceedings. "A holder does not become a holder in due course of an instrument: . . . by purchase of it at judicial sale or by taking it under legal process." *Code*

*Ann.* § 109A-3—302 (3) (a) (Ga. L. 1962, pp. 156, 252). Discussing this section with regard to *Code Ann.* § 109A-3—201, this court in *Finance Co. of America v. Wilson,* 115 Ga. App. 280 (154 SE2d 459) pointed out that one neither improves nor lessens his position or status by such purchase. Although a sale under a power may not technically come within *Code Ann.* § 109A-3—302 (3) (a), still *Code Ann.* § 109A-3—201 (1) espouses the sound policy that a prior holder with notice of a defense or claim against the instrument cannot improve his position by repurchase.

An instalment on the note which was due March 3, 1965, was unpaid as of March 11, 1965. *Code* § 109A-3—302 denies the the status of a holder in due course to one who takes an instrument with notice that it is overdue. "Reason to know of an overdue instalment or other part of the principal amount is notice that the instrument is overdue and thus prevents the purchaser from taking in due course." 2 ULA—Uniform Commercial Code (1968 Ed.) § 3-304, p. 105 (*Code Ann.* § 109A-3—304). See *Archibald Hardware Co. v. Gifford,* 44 Ga. App. 837 (1) (163 SE 254). A ledger card introduced by the plaintiff Finance Company showed no payment of the March 3, 1965, instalment. The evidence as to when the Finance Company acquired this card was uncertain since the testimony was only that it was obtained sometime after February 4, 1965. Nevertheless, plaintiff's agent admitted there was a similar card maintained in the plaintiff's office. Moreover, this witness stated communication was received that the balance had been paid in full. This, in conjunction with the Finance Company's status as transferee of the note, was sufficient reason to know of an overdue instalment.

It is therefore apparent that under no theory was the Finance Company a holder in due course. As to one not a holder in due course the Code provides: "Unless he has the rights of a holder in due course any person takes the instrument subject to . . . (b) all defenses of any party which would be available in an action on a simple contract." *Code Ann.* § 109A-3—306 (Ga. L. 1962, pp. 156, 255).

■ We now consider the remaining issue. Northside, the ap-

pellant here, contends that since the Finance Company was not a holder in due course the evidence which conclusively showed a payment in full by it on the note demanded a judgment in its favor. Hence, it contends the court erred in overruling its motion for new trial and in overruling its motion for judgment.

The appellee, the Finance Company, contends that money paid on a note to one who was not in possession of the note at the time of payment does not protect the maker of such note as against the holder. *Code* § 4-308; *Howard & Soule v. Rice*, 54 Ga. 52; *Dibble v. Law*, 141 Ga. 364 (2) (80 SE 999). The appellee further urges that under the evidence Miller or Citizens Bank was not authorized to receive payments on notes; that it had only authorized Stockbridge to act as its collecting agent and receive such payments; that the payment was not made in the ordinary course of business and shows that it was highly unusual and irregular, thus not binding on it; that an agent for collection cannot as against his principal set off a debt the agent owes to the debtor against the debt the debtor owes the principal. *Osborn v. War Finance Corp.*, 39 Ga. App. 42, 43 (145 SE 917), and *Cooper v. American Discount Co.*, 66 Ga. App. 6 (16 SE2d 791), are cited. The opinion in *Osborn*, supra, points out: "The fact that the maker of the note might not have known that the bank to whose order the note was made payable had parted with its title, and held the note merely as agent for collection, would not operate to change the rule as against the rights and interest of the true owner, since the note was negotiable on its face, and it was incumbent upon the defendant to settle with the actual owner or else make payment in cash to its duly authorized agent."

The cases dealing with *Code* § 4-308 apparently interpolate and engraft the requirement that the holder be a bona fide one. The rule has been stated: "Where the maker of a negotiable promissory note pays it to the original payee without requiring the production and surrender of the note, he is liable to pay it again to an innocent holder who acquired title to it in good faith and for value before maturity, unless the payee was the holder's general agent for the collection of the note and had

special authority to collect it, or the money collected thereon in fact reached the hands of the holder of the note." *Butler, Stevens & Co. v. Barnes,* 8 Ga. App. 513 (1) (69 SE 923). See *Williams v. State,* 60 Ga. 88; *Wilcox, Gibbs & Co. v. Aultman,* 64 Ga. 544 (37 ASR 92); *Bank of the University v. Tuck,* 96 Ga. 456, 465 (23 SE 467).

As expounded in *Bank of the University v. Tuck,* 96 Ga. 456, 465, supra: "As against one who takes a promissory note after its maturity, the maker may set up the defense that he had already paid it to the original payee before its assignment by the latter; but where one takes such a note before its maturity, such plea of payment will not, in every instance, be available."

In the succeeding case of *Bank of the University v. Tuck,* 101 Ga. 104, 111 (28 SE 168), where the action was between a bank, as pledgee of a note which had been indorsed to it by the payee, and the maker, the court reiterated: "It [the bank] being a pledgee for value of the note, and the money having confessedly not been paid to it, but to the original payee, it follows that to excuse the maker from liability to the pledgee, he is bound to prove the agency of the person to whom he paid the money, and the competency of that person for and on behalf of the bank to receive it."

The record reveals that all the defendant's instalment payments were made to Citizens Bank and were subsequently received by the Finance Company; that the defendant was not notified of the transfer to the Finance Company prior to March 11, 1965; that the defendant had paid instalments through February, 1965. Although the plaintiff's agent testified Stockbridge was authorized to make collections, he admitted Miller was authorized to accept payments and that debtors paid by check "probably to Citizens Bank since most of them were located in the Stockbridge area." This court has held: "Where a note is payable in instalments and where the payee, without the knowledge of the maker, transfers the note to another and the maker continues to pay to the payee a number of instalments as they fall due which the payee transmits to the transferee, such a course of dealing is sufficient to constitute the payee as the transferee's secret agent in dealing with the maker

for collection of the instalments. Thus, where the maker paid an instalment to the payee without notice that the payee had no authority to accept payment, in a suit by the transferee, the maker could set up as a defense the payment made even though the transferor had not remitted it to the transferee. *Continental Guaranty Corp. v. Smoke*, 29 Ga. App. 438 (1, 2) (116 SE 14); *Powell v. Bank of Manchester*, 46 Ga. App. 264 (2) (167 SE 343); *Automobile Financing v. Tatum*, 56 Ga. App. 270, 271 (1, 2) (192 SE 538).

*Code Ann.* § 109A-3—306 promulgates the express mandate that as to one not a holder in due course all defenses to a simple contract are available to the maker. Payment is a defense to a simple contract. See *Code Chs.* 20-10 and 20-12. See also *Code Ann.* §§ 109A-3—601, 109A-3—602, 109A-3—603 (Ga. L. 1962, pp. 156, 276, 277). Construing *Code* § 4-308 with regard to the cases applying it and in conjunction with *Code Ann.* § 109A-3—306, since the Finance Company was not a holder in due course, it could not avail itself of the provisions of *Code* § 4-308. Thus, in effect the Finance Company stands in the shoes of the original payee. The evidence showed, without dispute, that there was a settlement and therefore a payment of the amount due between the original maker of the note and the payee thereto. The trial judge erred in entering judgment for the plaintiff and in overruling the defendant's motion for new trial.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*