ALEXANDER MURRAY, plaintiff in error, vs. WILLIAM WALKER, defendant in error.

1. An agent for the collection of a note may not, without instructions so to do, receive any other than good currency in payment thereof. (R.)

2. But if the agent received Confederate currency in payment of his principal's note without authority, and his principal accepted the same from him:

*Held,* That the taking of the Confederate currency by the principal and its use by him was a ratification of the act of his agent.

3. The verdict of the jury was sustained by the evidence, and no rule of law being violated in submitting the case, it was error in the Court below to grant a new trial.

This cause is reported in the opinion.

WELBORN & FAIN; H. P. BELL, for plaintiff in error.

GEORGE D. RICE, for defendant.

LOCHRANE, Chief Justice.

This was a bill filed by the plaintiff in error for specific performance, under the following statement of facts: Murray exchanged with Walker certain lands in Union county, on the 20th day of October, 1860, and gave him four notes, difference in the trade, for $100 00 each, falling due annually thereafter. In 1863 the agent of Murray paid off, in Confederate currency, the two last notes mentioned to the brother of Walker, who received the money and sent it to William Walker, the owner, which he received and used. This bill was filed by Murray to compel Walker to execute to him a deed for the land taken in exchange. Upon the trial the jury found in favor of Murray, decreeing that titles should be made to him for the lands in question. A motion for a new trial was made by the defendant to the bill, upon the grounds that the verdict was contrary to the law, the evidence and the charge of the Court, which the Court granted, and this judgment, granting the new trial, is the error which we are called upon to review. We may say, in passing, that, inasmuch as the record does not disclose what the charge of the Court was which is complained of, that question will not be considered by us; to invoke the decision of this Court it was requisite the charge should have been specifically stated, 28 Georgia, 186.

It appears from the record that Murray was in possession

of the land under the original contract, and that he had paid the notes given for the purchase-money, and he would be therefore entitled to a specific performance under the rules laid down by this Court in 20 Georgia, 142. The defense, however, and main ground in this controversy arises out of the payment of Confederate currency by the agent of Murray to the agent of Walker. Confederate money received by the party or accepted by him operates as a legal payment, and extinguishment of the debt, but in this case the weight of the evidence shows that the agent of Walker acted without his authority in receiving Confederate currency.

1. And a special agent holding a note deposited for collection would not be authorized without instructions to receive any other than good currency in payment thereof.

2. But from an examination of the record in this case, it appears that Walker received the money and paid off a portion of it in extinguishment of a debt due by himself, and the balance of it he spent. There was no attempt to return the money either to Murray or to his own agent, and the receipt of the money with the fact of its being used by him constituted a ratification, and which ratification, upon his part, under section 2166 of the Code, estops him from asserting the want of authority originally in his agent, and is as binding upon him as if he had himself, in fact, consummated the act. And the jury were the proper judges of the evidence, and there was evidence sufficient to sustain their verdict.

3. And no rule of law having been violated in submitting the facts to their consideration, we are of opinion, under the established rules of this Court, that their verdict ought not to have been set aside, and we therefore hold that the Court below erred in granting a new trial under the law and the facts in this case.

Judgment reversed.