## McLaughlin *vs.* Blount *et al.*

1. The receipt by a general agent to collect, of property in settlement of a debt, is as binding on the principal as if it were paid in money.
2. Where, under the evidence, the verdict must necessarily be the same, a new trial will not be granted for error in the charge.

Principal and agent. Charge of Court. New trial. Before Judge Crawford. Marion Superior Court. April Term, 1878.

To the report contained in the decision, it is only necessary to add the following:

Mrs. Blount *et al.* were the plaintiffs. Blount, her husband, had been her general agent for collection of debts, etc. McLaughlin, the defendant, pleaded payment. The following facts appeared on the trial: Defendant offered to settle the note sued on with Blount, the agent, and offered to transfer to him certain property for that purpose, consisting of land and a note on one McCurdy; Blount accepted, a deed was made to the land, and it and the note deliv-

ered to him. This note belonged to defendant's wife, and was made payable to her or bearer. Deciding that its delivery by defendant was not good, Blount afterwards returned it to defendant with the statement that if any trade was made in regard to it, it would have to be with defendant's wife; the latter said his wife would sign any necessary paper; Blount was to call for the purpose of receiving such signature; he discovered, however, that McCurdy was not solvent, and neither called nor would receive the note from the defendant. The latter tendered him back the note as he had received it; he tendered to defendant the deed which had been delivered with the note. Each declined the tender of the other. There was some conflict of evidence in regard to what representations of McCurdy's solvency were made by defendant. The question was whether the settlement amounted to a payment of the note sued on.

Willis & Willis, for plaintiff in error, cited Code, §2864; 9 *Ga.*, 72; 16*Ib.*, 431; 59 *Ib.*, 565. Story on agency, 127.

Peabody & Brannon, for defendants, cited 54 *Ga.*, 52, 53, 618; 2 Vernon, 127; Freeman's Ch. R., 392.

Warner, Chief Justice.

The plaintiffs brought their action against the defendant on a promissory note for the sum of $2,411.62, besides interest. The defendant pleaded payment of the note. On the trial of the case the jury, under the charge of the court, found a verdict in favor of the plaintiffs. The defendant made a motion for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

1. The only ground of error insisted on here, is the following charge of the court, as to the authority of Blount, the agent, to receive anything but money in payment of the note. The court charged the jury amongst other things, " If anybody has testified to the fact that he was authorized

Sirmans *vs.* Bush, trustee.

only to collect this note, then the law is, he was only authorized to collect it in money. But it may be that he was authorized to collect it in other things, and if he has shown to you by testimony that he was authorized to collect it by taking property for it, then if he did take property it was sufficient; but a mere general agency on the part of Mr. Blount would not be sufficient to authorize him to take anything else but money for it." This charge of the court was error. Code, §2864.

2. But in our judgment, no other verdict should have been rendered under the facts of the case and the law applicable thereto than was rendered by the jury, notwithstanding the error complained of. The defendant's plea to the plaintiffs' action was payment of the note sued on. One of the items of property with which the defendant sought to prove the payment of the plaintiffs' note, was a note on McCurdy for $930.00, the property of defendant's wife. This McCurdy note did not, and could not, under the law, constitute a payment of any part of defendant's debt to the plaintiffs, for the reason that it was the property of his wife, however willing she may have been that it should be appropriated in that way without an order of the superior court as provided by the 1785 section of the Code, which declares that "no contract of sale of a wife as to her separate estate with her husband, or her trustee, shall be valid, unless the same is allowed by order of the superior court of the county of her domicil." See also §2337. When it was shown that the McCurdy note was the property of the defendant's wife, his defense under his plea of payment broke down right there, and plaintiffs' agent had the right to refuse to receive it as any part payment of the note sued on, for that reason. It follows therefore that the defendant's plea of payment was not sustained by the evidence in any view that could have been taken of it, and therefore the verdict was right under the law. Assuming that the defendant could have paid the note in property, that property must have been his

own, or such as he had a right to dispose of.   He could not pay off the note with other peoples' property to which he had no title, or right of disposition.

Let the judgment of the court below be affirmed.