DIBBLE, administratrix, *et al.*. *v.* LAW.

1. A debtor who pays to the supposed agent of a note creditor the amount due on the note in satisfaction thereof, without the production of the obligation, does so at his own risk.
2. In a suit to recover the amount due on a promissory note, which is shown to have been paid by the maker to the alleged agent of the owner, where there is no proof that the note was produced to the debtor at the time of payment, or that the money so collected ever reached the owner of the note, or that the alleged agent had authority to collect for the plaintiff, a verdict in favor of the defendant is contrary to law and should be set aside.

FEBRUARY 20, 1914.

Complaint. Before Judge Rawlings. Jenkins superior court. December 30, 1912.

*W. H. Barrett* and *Dixon & Dixon,* for plaintiffs.

*R. P. Jones, E. L. Brinson,* and *Joseph Law,* for defendant.

HILL, J. In this case Sarah F. Dibble, as administratrix of the estate of Lucy Jane Bruce, and Helen Loomis brought suit against Clara E. Law on a certain promissory note for $1,000 principal, besides interest and attorney's fees, which was secured by a deed to land. The defendant filed her answer to the petition, averring payment in full of the note to F. L. Scales, at Waynesboro, Georgia, a member of the law firm of Lawson & Scales, who it was claimed were agents of the plaintiffs. A verdict was rendered for the defendant. To the judgment of the court, overruling a motion for a new trial, the plaintiffs excepted.

1. It appears from the record that the original note was renewed when it fell due, and the second note was likewise renewed. In the original note and in the renewals, it was stipulated that both principal and interest were to be paid, when due, at Mechanics' Savings Bank, Hartford, Conn. Payment of the last note was demanded, on its maturity, by the attorney for the plaintiffs, and was refused for the reasons stated above. The defendant was notified in writing, by registered mail, of the intention of the plaintiffs to bring suit on the note and to claim attorney's fees as provided in the note. This notice was received and receipted for by the son of the defendant, who was an attorney at law, and by him was turned over to his father, who was the husband and the attorney in fact for the defendant.

The controlling question in the case is whether the amount due

by the defendant to the plaintiffs was paid, and, if paid, whether the payment to F. L. Scales was a payment to the plaintiffs. It is undisputed that Mrs. Law paid the amount of the note to F. L. Scales. It is also stated in the note sued on: "said note and indebtedness now owned by Helen Bruce" (afterwards Helen Bruce Loomis). The case hinges on whether Scales was authorized to collect the note as the agent of the plaintiff, the owner of the note. It appears from the record that the original application for the loan was made by the defendant, Mrs. Law, through Lawson & Scales, and that the draft drawn by the defendant upon the lender, Mrs. Lucy Jane Bruce, who was the mother of Mrs. Loomis and who is now deceased, was "Pay to the order of Lawson & Scales, my agents." The evidence of Mrs. Law as to the draft is, "This is my signature to this draft, dated May 1, 1894, in favor of Lawson & Scales, my agents. . . I have never looked after paying any of the interest. I didn't pay anything at all. I turned all of my affairs over to my husband, and he attended to them all during his life absolutely. . . He was my agent to attend to all my business. . . There isn't anything in this matter that I object to, only he got it through Floyd Scales. We made a mistake in selecting the agent to get it through." The record also discloses that both of the renewals of the note were secured through Lawson & Scales. It is true that in her testimony she denied in general terms that Scales was her agent, but it is also true that she testified that "There isn't anything in this matter that my husband has done that I object to, only he got it through Floyd Scales. We made a mistake in selecting the agent to get it through." J. H. Talman, of the firm of George W. Moore and Co., testified that he was a member of that firm of Hartford, Conn., through whom the loan was negotiated. "There was no correspondence had with Clara E. Law. This application was sent to us by Lawson & Scales, acting as her agents, and we only knew them in the transaction. . . They were not our agents, nor the agents of Mrs. Bruce. We were not employed to loan the money for Mrs. Bruce. We were employed by Lawson & Scales to procure a loan for their client, Mrs. Law, and later to procure renewals of the same. This we did for Lawson & Scales, as the agents and attorneys of Mrs. Law. . . My firm were paid by Lawson & Scales, and by none else." There is nothing in the record to show that Lawson & Scales had

authority from the plaintiffs, or from the firm of Moore & Co., through whom the loan was secured, to collect the principal debt due by the defendant to the plaintiffs.

It is insisted that it was the custom to send the interest coupons of the notes to Lawson & Scales for collection, and that they did collect them from the defendant and forwarded the interest so collected; and that therefore the defendant had the right to pay the principal to Lawson & Scales. The record shows that some of the coupons were in the hands of George W. Moore & Co. for collection, and that the remittances were made to Moore & Co., who were the agents of Lawson & Scales to secure money for their clients; but it nowhere appears that the plaintiffs knew that the coupons were sent to Lawson & Scales for collection, or that the remittances were made directly to the plaintiffs, or that they knew that Lawson & Scales were collecting the coupons, or that the plaintiffs ratified the act. There is no proof of agency in Lawson & Scales to collect. On the contrary, the plaintiff Mrs. Loomis testifies that she did not know Lawson & Scales in the transaction at all. She never had any dealings with either of them, or as a firm. The interest coupons due May 1, 1905, November 1, 1905, and May 1, 1906, were deposited at the Berkshire Loan & Trust Co., of Pittsfield, Mass., and credited to plaintiffs' account. How they were collected the plaintiff does not know. The interest coupons due May 1, and November 1, 1907, and May 1, 1908, were presented to and paid by the check of George W. Moore & Co., of Hartford, Conn. There is no evidence to show that the interest coupons were sent by the plaintiffs to Lawson & Scales; but if it be assumed that it was the custom of George W. Moore & Co. to send the interest coupons to Lawson & Scales for collection and they did collect the interest coupons, that custom was broken when the plaintiffs sent the mortgage deed and note to others than Lawson & Scales for collection of the principal and interest. It can not be said, because Lawson & Scales collected the coupons without the knowledge of the plaintiffs, that therefore they had the right to collect the principal debt also.

2. Even if the defendant had reason to believe that F. L. Scales was the agent of the plaintiffs, authorized to collect the note sued on, she took the risk of paying the note without demanding that it be presented and turned over to her when she paid it. Civil Code. § 3578, declares: "Where money is due on a written evi-

dence of debt, payment to an agent of the creditor who fails to produce the obligation is at the risk of the debtor. Non-production of the security rebuts the implication of authority arising from the agent's employment, and it must be otherwise established." *Howard* v. *Rice,* 54 *Ga.* 52; *Antognoli* v. *Miller,* 116 *Ga.* 621 (42 S. E. 1006). In *Bank· of the University* v. *Tuck,* 101 *Ga.* 104 (28 S. E. 168), this court held: "The maker of a negotiable promissory note pays the amount due thereon to any person other than the holder at his own risk; and a defense to an action on such note, setting up payment to one authorized by the holder to collect for him, casts upon the defendant the burden of showing, not only that he has paid the money, but that he has made payment to a person authorized by the holder to receive it, or else that it actually reached the holder's hands." It not being made to appear in this case that Scales had authority to act as the agent of the plaintiffs to collect the money due on the note, or that Scales had the security deed and note in his possession at the time that Mrs. Law paid the money to him, and turned them over to her, or that the money so paid ever reached the owners of the note sued on, a verdict for the defendant was contrary to law, and should have been set aside.

*Judgment reversed. All the Justices concur.*