## 7458. BELL v. WHITESTONE.

The fact that one who is in possession of a promissory note has placed upon it an indorsement making it payable to another, which remains uncanceled, does not of itself show that title to the note has passed out of the holder.

DECIDED SEPTEMBER 15, 1916.

.Complaint; from city court of Americus—Judge Harper. April 6, 1916.

*Wallis & Fort,* for plaintiff in error. *Marshall & Pace,* contra.

HODGES, J. Louis Whitestone sued Bell upon a promissory note of the defendant, payable to the order of M. Welensky & Co., indorsed in blank "M. Welensky & Co., Morris Welensky," and further indorsed as follows: "Pay to the United States Mortgage & Trust Company or order, 153 West 129 St., New York City. L. Whitestone." The note was admitted in evidence, over the objection that it showed on its face that the title thereto was not in Whitestone. The court did not err in overruling this objection. In Dugan *v.* The United States, 3 Wheaton, 172, the Supreme Court of the United States ruled that if any person who indorses a bill of exchange to another, whether for value or for the purpose of collection, shall come into possession thereof again, he shall be regarded, unless the contrary shall appear in evidence, as its bona fide holder and owner, and may recover thereon, notwithstanding there may be on it one or more indorsements in full, subsequent to the indorsement to him, without producing any receipt or indorsement back to him from either of such indorsees, whose names he may strike from the bill or not as he thinks proper. The principle enunciated in the foregoing case was recognized in the case of *Leitner* v. *Miller,* 49 *Ga.* 486, in which it was held, that, "although plaintiff's name may be on the back of the note sued on, he may recover against the maker, as the law will presume, in the absence of proof to the contrary, that an indorsement by him was never completed by delivery, or if he had delivered it so indorsed, that he had taken it up, and was again the legal holder or indorsee." In *Bomar* v. *Equitable Mortgage Co.,* 111 *Ga.* 143 (36 S. E. 601), the Supreme Court held: "The payee of a promissory note, in possession of the same, is presumed to own it, although his indorsement thereon, in full or in blank, may stand uncanceled. He may sue upon such note, and his title to the same can not be inquired

into, unless it be necessary for the protection of the defendant or to let in the defense which he seeks to make" In that case Chief Justice Fish said: "It is true that this court held in *Southern Bank of Georgia* v. *Mechanics Savings Bank, 27 Ga. 252,* that, 'Where a bill of exchange or draft is endorsed in full by the payees, suit can not be maintained in the name of the payees while the endorsement stands.' The decision, however, was rendered by only two Judges, and we are, therefore, not compelled to follow it." See also *Carolina Locust Pin Co.* v. *Chattanooga Machinery Co., 3 Ga. App. 733.* When it is necessary to inquire into the title of a promissory note, for the protection of the defendant or to let in the defenses which he seeks to make, the burden is upon the defendant to show such necessity. The only evidence before the court on the trial of this case was the promissory note sued upon, and while the plea alleged that it was necessary to inquire into the title of the holder or possessor of the note, for the protection of the defendant, or to let in the defenses which he sought to make, no evidence on that line was offered by the defendant. There was nothing before the court save the note, and the presumption of law was that the holder had title thereto. Therefore the verdict in favor of the plaintiff was authorized.     *Judgment affirmed.*