## ARMOUR FERTILIZER WORKS *v.* MADDOX.

HINES, J. 1. A special agent is one to whom there is a delegation of authority to do a single act. Civil Code (1910), § 3595; *Foster* v. *Jones*, 78 *Ga.* 150 (1 S. E. 275).

2. As a general rule, a special agent to collect a note is not authorized to receive anything as a payment thereon except actual cash. *Bostick* v. *Hardy*, 30 *Ga.* 836; *Murray* v. *Walker*, 44 *Ga.* 58; *Walton Guano Co.* v. *McCall*, 111 *Ga.* 114, 116 (36 S. E. 469). But where such special agent receives cotton as a payment upon a note held by him for collection for his principal, and the principal receives the same or its proceeds, and makes no attempt to return the cotton or the proceeds to the maker of the note or to his own agent, such conduct on the part of the principal constitutes a ratification of the act of the agent, and estops the principal from asserting the want of authority originally in his agent to accept cotton as a payment upon the note, and such payment is as binding upon him as if he himself had in fact received the cotton as such payment. *Murray* v. *Walker*, supra. The acceptance of the benefit flowing from an unauthorized act amounts to an implied ratification of such act, whether the principal intends to ratify it or not. *Merchants Bank* v. *Central Bank*, 1 *Ga.* 418 (44 Am. D. 665); *McDowell* v. *McKenzie*, 65 *Ga.* 630; *Ingraham* v. *Barber*, 72 *Ga.* 158; *American Exchange Bank* v. *Georgia Construction Co.*, 87 *Ga.* 651, 657 (13 S. E. 505); *Stanley* v. *Glennville*, 140 *Ga.* 306 (78 S. E. 1064); *Warner* v. *Hill*, 153 *Ga.* 510, 513 (112 S. E. 478).

3. Payment of money due to the creditor or his authorized or general agent is good; "and if such agent receives property other than money as money, the creditor is bound thereby." Civil Code (1910), § 4311. Under this section, if a general agent to collect money receives in payment property other than money, the creditor, so far as the debtor is

concerned, is bound thereby. *McLaughlin* v. *Blount*, 61 *Ga.* 168; *Holmes* v. *Langston*, 110 *Ga.* 861 (6), 871 (36 S. E. 251).

4. Where an agent was employed by his principal to sell on commission fertilizers in a named territory for cash or on credit, and where the agent sold to various persons fertilizers on credit, taking their notes therefor payable in the future, which notes the agent transmitted to the principal, and where thereafter the principal returned these notes to the agent for collection, taking his trust receipts therefor, and where the agent received from the maker of one of said notes cotton the proceeds of which were to be applied to his note, such agent was the general agent of the principal, and the principal was bound by the act of the agent in receiving the cotton as payment on the note of the debtor of the principal. Especially was the principal bound when he received the cotton or its proceeds as payment on the note.

5. Applying the principles above ruled, the court did not err in admitting in evidence, over the objections urged by plaintiff, the receipts given by its agent for cotton received by him as payment on the note of the defendant sued upon.

6. Applying the rulings set out in headnotes 1 to 4, inclusive, the court did not err in giving to the jury the instructions complained of in the 5th ground of the motion for new trial, upon the grounds of exception taken by the plaintiff.

7. Requests for instructions which are based on a partial view of the testimony, and exclude from the consideration of the jury important issues, are properly refused. *Southwestern R. Co.* v. *Singleton*, 67 *Ga.* 306 (7); *Steed* v. *Cruise*, 70 *Ga.* 168 (6a); *Klink* v. *Boland*, 72 *Ga.* 485. Applying this ruling, the court did not err in refusing to give to the jury the requested instructions set out in the 6th and 7th grounds of the motion for new trial.

8. The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*

No. 6969. April 13, 1929.

432

*John I. Kelley,* for plaintiff.   *O. A. Nix,* for defendant.