## 22283. STAR FURNITURE COMPANY v. DUBBERLY.

DECIDED DECEMBER 23, 1932.

*L. E. Heath,* for plaintiff.   *Mingledorff & Gibson,* for defendant.

SUTTON, J.   The Star Furniture Company instituted bail-trover proceedings against V. M. Dubberly for certain furniture to which it held title.   It alleged demand on the defendant and refusal to deliver the property to it.   The defendant denied liability.   The property was sold under short order.   On the trial the evidence was conflicting.   The jury were authorized to find that the defendant owed five monthly installments on his furniture, and was behind in the payment thereof; that Moore, a salesman of plaintiff, was the general collecting agent of the plaintiff, that Moore came to the defendant and suggested, as he could not keep the payments up, that he turn his radio over to the company in settlement of the five unpaid installments due on the furniture; that the defendant finally agreed to this; that Moore got the radio; and that for the next five months neither Moore nor any other representative of the plaintiff tried to collect anything out of the defendant.   There was evidence that the defendant had notice that Moore was not authorized to accept the radio in settlement of the unpaid purchase-money, but the defendant testified that he had no such notice. The jury returned a verdict for the defendant.   The plaintiff made a motion for a new trial, which was overruled, and he excepted.

1.   Payment of money due by a debtor to the authorized agent of his creditor "shall be good; and if such agent receives property other than money as money, the creditor is bound thereby."   Civil Code (1910), § 4311.   There is no dispute in this case that Moore, the agent, was authorized to collect the delinquent accounts due to the plaintiff, including the money due by the defendant on the purchase-price of his furniture.

2.   Under the above section of the Code, if a general agent to

collect money receives in payment property other than money, the creditor, so far as the debtor is concerned, is bound thereby. *McLaughlin* v. *Blount,* 61 *Ga.* 168; *Holmes* v. *Langston,* 110 *Ga.* 861 (6) (36 S. E. 251); *Armour Fertilizer Works* v. *Maddox,* 168 *Ga.* 429 (3) (148 S. E. 152).

3. The provisions of section 3578 of the Civil Code, that "Where money is due on a written evidence of debt, payment to an agent of the creditor who fails to produce the obligation is at the risk of the debtor," and that "Non-production of the security rebuts the implication of authority arising from the agent's employment, and it must be otherwise established," are not applicable under the facts of this case. The principle embraced in this section of the code is a codification of the principles ruled in *Howard* v. *Rice,* 54 *Ga.* 52, 55, and *Bank of the University* v. *Tuck,* 96 *Ga.* 456. In the *Tuck* case it was held that the holder of the instrument could collect the same, notwithstanding its previous payment to the original payee, unless one of three things appeared: (1) that the payee was the holder's general agent for the collection of such debt; or (2) that the payee had special authority to collect in the particular instance; or (3) that the money collected by the payee in fact reached the holder's hands. It will thus be seen that the evidence authorized the jury to find that the first two of the above things appeared in this case.

4. The evidence discloses that the agent in this case had authority to collect the amount due by the defendant. "The agent's authority will be construed to include all necessary and usual means for effectually executing it." Civil Code (1910), § 3595. This section applies to both general and special agents. *Bass Dry Goods Co.* v. *Granite City Mfg. Co.,* 119 *Ga.* 124, 126 (45 S. E. 980); *Callaway* v. *Barmore,* 32 *Ga. App.* 665, 677 (124 S. E. 382). And the principal is bound by all the acts of his agent within the scope of his authority. Civil Code (1910), § 3593.

5. It necessarily follows that the court did not err in admitting the testimony complained of in the first and second grounds of the amendment to the motion for new trial, to the effect that the plaintiff's agent accepted from the defendant personal property in satisfaction of the balance due by the defendant; and in charging the jury the provisions of section 4311 of the Code, as complained of in the third ground.

6. The evidence, though conflicting, supported the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

JENKINS, P. J., concurring specially. A general agent is one who is authorized to act for his principal in all matters connected with a particular trade, business, or employment, which, however, may be limited as to locality; or he may be one who is given entire and general control of the principal's business of a particular kind. A special agent is one who is not given entire and general control over a particular trade, business, or employment, or over the business of his principal of a particular definite kind, but who is only authorized to do specific acts for and on behalf of his principal. It is the duty of one dealing with a special agent to examine his authority, since he takes the risk of a special agent exceeding his powers. In every case an agent's authority, be he general or special, will be construed to include all ordinary, necessary, and usual means of effectually executing it. Accordingly, under the rule adopted in this State, there may be a general collecting agent. Such an agent is clothed with entire control over that particular phase of his principal's business. On the other hand, a special collecting agent is not authorized to receive anything in payment except actual cash. I construe § 4311 of the Code to mean that a debtor is protected when money or property other than money is paid and received by the creditor himself, by the creditor's general agent, or by the creditor's general collecting agent, or by the creditor's special agent who was actually authorized to do that which he in fact did. I do not construe it to mean that a mere special collecting agent, whose sole authority is to receive actual cash, as called for by the obligation, is authorized to exercise any authority or control over the principal's business by receiving goods, or property other than money, as cash. While the majority opinion describes the agent in the instant case as a general collecting agent, the reasoning of the court as set forth in paragraphs 4 and 5 of the opinion indicates that the decision is in fact based on the theory that any collecting agent, general or special, is authorized under section 4311 of the Code to accept as money property other than money. I do not think that the provisions of section 3595, to the effect that an agent's authority (including either a general or special agent) will be construed to in-

clude all necessary and usual means for effectually executing it, is to be construed as enlarging the powers of a special agent so as to make him coequal with a general agent.

I concur in the judgment rendered in the instant case, for the reason that the evidence of the agent in one place indicates that he was a general collecting agent, and not merely a special agent to collect cash money owing to his principal; and further for the reason that there were facts and circumstances in the case which might possibly have been reasonably construed by the jury to indicate ratification on the part of the principal in that it appears that after the radio was delivered to the plaintiff's collector, no further demand for monthly payments was made on the defendant for some five months, and no action was taken until after the radio delivered to the plaintiff's collector had been destroyed by fire.