## 22525. WILLOUGHBY, for use, etc. *v.* NEWMAN.

SUTTON, J.   Where one contracted with another to build a roof for her for a stated sum and was unable to pay cash therefor, and on June 1, 1931, executed her promissory note for $250 payable to the builder in monthly installments of $10 each, which note was delivered to the builder, and where it had theretofore been agreed between the builder and a material company to which the builder was indebted that a note to be executed by the party having the roof built, in the principal sum of $250, payable in monthly instalments of $20 each, would be transferred to the company in settlement of the indebtedness, which agreement was not known to the person having the roof built, and where upon delivery of the note to the builder he turned it over to the company, without indorsing or transferring it, and the company, being dissatisfied with the amount of the monthly instalments, turned the note back over to the builder with instructions to procure from the maker another note with instalments payable $20 per month, and where the builder did not carry out such instructions, but on June 12, 1931, agreed with the maker to accept $125 in full settlement of the note, which he had in his possession, and on which there appeared no indorsement or transfer, and the builder marked the note paid and delivered it to the maker, the maker is not liable to the company on the note as the real owner of the note, and payment of the note by the maker and its cancellation under such circumstances operated to discharge the maker from all liability thereunder.

(*a*) The note executed by the defendant was a negotiable instrument, payable to the order of a named payee, and to have constituted the plaintiff company the holder of the legal title to the note, it should have been indorsed by the payee and delivered. Neg. Instr. L., Acts 1919, p. 133; Michie's Georgia Code (1926), § 4294(30). This was the law before the adoption of the negotiable-instruments law in this State. *Farris* v. *Wells*, 68 *Ga.* 604; *Herring* v. *First National Bank*, 13 *Ga. App.* 492; Civil Code (1910), § 4273. A writing and signature was necessary to the formal indorsement of the negotiable instrument. *Sheffield* v. *Johnson County Sav. Bank*, 2 *Ga. App.* 221; *Haug* v. *Riley*, 101 *Ga.* 372. Under the law as it now is, "The indorsement must be written on the instrument itself or upon a paper attached thereto. The signature of the indorser, without additional words, is a sufficient indorsement." Michie's Code (1926), § 4294(31).

(*b*) Where there are but two original parties to a promissory note, the maker and the payee, so long as the note remains in the hands of the payee the idea of indorsement is excluded. *Quin* v. *Sterne*, 26 *Ga.* 223. Where the note is in the possession of the payee he is presumed to own it. *Bomar* v. *Equitable Mortgage Co.*, 111 *Ga.* 143; *Bell* v. *Whitestone*, 18 *Ga. App.* 536; *Baggs-Langford Motor Co.* v. *Moore*, 36 *Ga. App.* 788 (3).

(*c*) Where prematurity payment of a note is made to the ostensible holder, who marks the instrument paid and surrenders it to the maker, but who is without authority to receive the payment, and the real owner demands a second payment, the first payment is valid as against the real owner.

Bigelow, Bills, Notes & Checks (3d ed., 1928), § 561; *Haug* v. *Riley*, 101 *Ga.* 372, 383.

(*d*) The fact that two or three days prior to the date of execution of the note in this case the plaintiff company wrote to the maker that it held her note for $250, in settlement of a debt of the builder, the same being payable in monthly instalments of $20 each, would not constitute such notice to the maker that the note which she afterwards executed and delivered to the builder for $250, payable in $10 monthly instalments, was really owned by the plaintiff company. The maker was entitled to rely on the possession of the note, payable in $10 monthly instalments, which she executed, and unindorsed by the payee, as constituting him the real owner. The fact that she mentioned to the payee when he offered to take $125 for the note in settlement thereof that she had received a letter from the plaintiff company about a note which it claimed to be hers, being a note payable in $20 monthly instalments, which letter was received before she executed the note to the builder, and was informed by the builder, the payee in the note executed by her, that it was a mistake and that he had not discounted or transferred the note she executed to the plaintiff company, or anyone, but still owned it, would not of itself operate to show that the maker had no right to rely on the possession by the payee of the note which she actually signed and to make the payment to him.

(*e*) Moreover, the plaintiff company sued the maker on a note for $250, payable to itself in monthly instalments of $20, except the last, which was for $10, and the evidence showed that the only note ever signed by the maker was one for $250, payable to the builder in monthly instalments of $10 each. To this suit the maker filed a plea of non est factum. The plaintiff company did not show that the maker ever signed a note payable as was the note sued on. It was necessary, in order for the plaintiff to recover of the defendant in this case, to prove prima facie the execution by the defendant of the note sued on. Civil Code (1910), § 4295; *Stanton* v. *Burge*, 34 *Ga.* 435; *Thrasher* v. *Anderson*, 45 *Ga.* 544; *Thompson* v. *Kelsey*, 8 *Ga. App.* 23 (4); *Craig* v. *National City Bank*, 26 *Ga. App.* 128.

(*f*) Under the facts of this case, applying the above rulings, the court properly directed a verdict in favor of the defendant.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 8, 1933.

*Herbert W. Wilson,* for plaintiff.
*Parks, Garrett & McDonald,* for defendant.