## 24263.   FUTCH v. ROYSTER GUANO COMPANY.

MacINTYRE, J.   Defendant purchased of the plaintiff company, through its named agent and employee, certain fertilizers, executing his note therefor.   On its maturity this agent, with the defendant's note, together with the notes of others in the plaintiff's favor, in his possession, called on the defendant.   It was the custom of plaintiff to send such agent to call on the farmers of that section who owed it for guano and had executed notes and crop mortgages in its favor, and such agent was authorized to, and customarily did, accept cotton or other farm products in full of partial settlement thereof.   The defendant did not pay the above note, but delivered to such agent three bales of cotton under an agreement that the plaintiff was to hold the cotton "until cotton reached a price to be agreed on between us, and the cotton then sold and applied on my debt to them."   No agreement for the sale of this cotton was ever made.   At the time this cotton was turned over to plaintiff's agent the market price was about six cents a pound, and on the date of the trial of this case the market price was from eleven to twelve cents a pound.   The agent gave to defendant a receipt describing the cotton by number and weight of each bale, and reciting, "Received of Ed Futch 3 B-Cot., Col. to guano note ———— dollars F. S. Royster Guano P."   The plaintiff brought suit on the note and the trial judge directed a verdict for the plaintiff for the full amount of the note, and interest.   The foregoing facts appeared from the evidence.   The only evidence in plaintiff's behalf was proof that defendant signed the note, and that it was filled out in the handwriting of the above-mentioned agent, who died subsequently.   The plaintiff also introduced the note sued on.   There was no evidence as to the disposition of the three bales of cotton as to which the defendant testified.   The defendant moved for a new trial, the motion was overruled, and the defendant excepted. *Held:*

1. "Where money is due on a written evidence of debt, payment to an agent of the creditor who fails to produce the obligation shall be at the risk of the debtor.   Non-production of the security shall rebut the implication of authority arising from the agent's employment, and it must be established."   Code of 1933, § 4-308.

(a)   So where payment is thus made on a written evidence of debt to a person as agent for another, the production of the written evidence of debt raises an implication of his authority as agent. *Sherrod* v. *Springfield Baptist Church*, 21 *Ga. App.* 200 (93 S. E. 1009) ; *Brady* v. *Phillips Mule Co.*, 27 *Ga. App.* 444 (108 S. E. 809) ; *Dibble* v. *Law*, 141 *Ga.* 364 (80 S. E. 999).

(b)   In a suit on a promissory note where the debtor shows that he has paid a part of it to a duly authorized agent of the holder of the note, who has possession of the note, and who also had specific authority to collect the note, by customarily collecting such notes for the holder, a valid defense of partial payment is shown.   See *Lane* v. *Bank*, 23 *Ga. App.* 275 (97 S. E. 884) ; *Bank of the University* v. *Tuck*, 96 *Ga.* 456 (23 S. E. 567) ; *Dibble* v. *Law*, supra; *Willoughby* v. *Newman*, 46 *Ga. App.* 377 (167 S. E. 783) ; *Star Furniture Co.* v. *Dubberly*, 46 *Ga. App.* 178, 179 (167 S. E. 207).

2. "Payment of money due to the creditor or his authorized or general agent, or one whom the creditor accredits as agent though he may not be so, . . shall be good; and if such agent receives property other than money as money, the creditor is bound thereby." Code of 1933, § 20-1001.

(a) Under this section, if a "general agent" to collect money receives in payment property other than money, the creditor, so far as the debtor is concerned, is bound thereby. *Holmes* v. *Langston*, 110 *Ga.* 861 (36 S. E. 251).

(b) Under this section, the receipt of property by a general agent to collect, in partial or full satisfaction of a debt, is as binding on the principal as if it were paid in money. *McLaughlin* v. *Blount*, 61 *Ga.* 168.

3. One who has held another out as his lawful agent is estopped to deny his agent's acts within the apparent scope of his authority and about his principal's business. The authority of the agent may be established by proof of a long course of dealing by such agent in a similar manner for his principal. *Armour Fertilizer Works* v. *Abel*, 15 *Ga. App.* 275 (82 S. E. 907); *Germain Co.* v. *Bank of Camden County*, 14 *Ga. App.* 88 (80 S. E. 302).

4. Under the evidence adduced in this case, and applying the rulings above made, the defendant was entitled to a credit on his indebtedness for the cotton turned over to the plaintiff, and the trial judge erred in directing a verdict for the plaintiff for the face amount of the note and interest. See *Armour Fertilizer Works* v. *Maddox*, 168 *Ga.* 429 (148 S. E. 152); *Elder* v. *Woodruff Hardware &c. Co.*, 16 *Ga. App.* 255 (85 S. E. 268); *Blackburn* v. *Lee*, 137 *Ga.* 265 (73 S. E. 1); Code of 1933, § 110-104.

5. Accordingly, the trial judge erred in overruling defendant's motion for a new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*

Decided May 24, 1935.

*J. P. Knight,* for plaintiff in error. *William Story,* contra.

