39689, 39711.   WILBANKS v. JAMES TALCOTT, INC.; and vice versa.

DECIDED OCTOBER 17, 1962.

*Herbert B. Kimzey, Kimzey & Kimzey,* for plaintiff in error. *Wheeler, Robinson & Thompson, B. Carl Buice,* contra.

BELL, Judge. ■ We shall first consider the contention in the main bill of exceptions, which in substance is that the evidence submitted at the trial demanded a verdict for the defendant. Because of this, the defendant insists, the trial judge erred in granting the motion for new trial. As we feel there is merit in this view, the ruling necessarily determines the appeal.

Succinctly stated, the defendant's contention is that his pleaded defense of payment coupled with the evidence shows conclusively that he must prevail.

The plaintiff suggests, however, that there is no evidence in the record of a payment of the debt by a check, the presence of which is an absolute necessity for there to be any merit in the defendant's contention. The basis of plaintiff's suggestion arises from the following recorded episode occurring in the trial: (1) The trial court charged the jury concerning testimony given by the defendant to the effect that he had paid the note in full by check; (2) During the course of the trial, plaintiff's counsel had moved to strike this testimony on the ground that it was inconsistent with and contradicted the defendant's pleadings which alleged that payment had been made by return of the chickens, whose purchase price the note represented; (3) The trial court granted this motion and instructed the jury not to consider the testimony of the defendant relating to the payment of the note by a check; (4) Subsequently to the ruling striking this evidence, the defendant amended his answer, pleading that on or about June 1, 1959, he paid the note in full by delivery of a check to the payee of the note, which check was accepted, cashed, and from the sum received of $10,454, the payee retained the amount of $9,675, in payment of the note and gave the defendant the balance of the proceeds in cash; and (5) The defendant never retendered the evidence of payment by check after the court had granted the motion to strike and had instructed the jury not to consider the testimony.

The query thus arises as to whether it was proper for the court later to direct the jury to consider this evidence.

The case of *Ellison v. Robinson,* 96 Ga. App. 882 (3) (101 SE2d 902), is cited by the plaintiff as authority that the trial judge committed error in so directing the jury. *Ellison* held that it was error for the judge to charge the jury concerning a *nonexisting contention* of the plaintiff which related to an allegation of negligence which had been stricken and *where no evidence was introduced as to it.* *Ellison* is obviously distinguishable from the present case as here an amendment had been allowed which caused previously stricken testimony to become both relevant and admissible.

We think the trial judge acted with commendable perspicacity and well within the bounds of his judicial power when, on his own initiative, he reinstated the stricken testimony after the amendment had rendered it admissible and pertinent to the cause. Displaying a sound judicial discretion, he correctly granted the motion when the disposition of the pleadings required the striking of the unauthorized testimony, but dexterously conserved the time of the parties, counsel, jurors, and all awaiting the culmination of the trial by instructing the jury in their deliberations to weigh the previously stricken testimony after pertinent amendments had altered the status in quo and demanded the admissibility and the consideration of it.

Certainly, if a trial judge within the term has the power to modify, change, or amend his orders, it cannot be gainsaid that he has the right to do so in the course of a trial. This judge did not commit error—he merely expedited the trial of the case.

We are in full accord with the trial judge in his decision that it was not necessary for the defendant to go through the tedious formality of retendering the evidence or recalling the witness to testify again after the amendment of the petition made the evidence admissible.

As we see it, the evidence of payment by check is properly in the record.

■ Since the evidence of payment by check was properly in the record, we now turn to the effect of it. The evidence was uncontradicted that the payee of the instrument sued upon had authority from the plaintiff, the alleged transferee of the instrument, to collect the indebtedness until notice should be given to the debtor that the transferee would collect directly.

The record shows that the defendant was not notified until September 3, 1959, of the transfer of the note to the plaintiff which was some months after defendant had paid plaintiff's agent. On the plaintiff's side, the only witness testifying as to notice to the defendant, when asked whether the notice of September 3 was the first given to the defendant of the plaintiff's interest in the account, answered by stating: "I don't know whether it was the first—could very well have been." Thus the defendant's testimony was undisputed that at the time he

made the payment in full to the plaintiff's agent he had no notice from the plaintiff that its agent no longer had authority to collect the note.

It is thus undisputed that Chemell's Hatchery, Inc., had authority to collect the note as agent for the plaintiff until notice was given to the contrary by the plaintiff to the debtor and that no notice was given prior to payment.

While the evidence for the plaintiff was that it did not receive payment of this note, the uncontradicted evidence shows that the defendant made payment to the agent of the plaintiff before maturity and long before any notice of revocation of authority to collect the amount of the note was given to the defendant. It is elementary that an authorized payment to an agent discharges the debtor's liability to the principal regardless of whether the principal is ever paid by the agent.

The plaintiff urges further that, since the testimony of the defendant was that he made payment by delivering a check to the plaintiff's agent, this was not a valid payment since there was no showing of authority conferred upon the agent to accept anything other than cash, and in the absence of such authorization, the special agent for collection has no authority to accept anything other than cash. *Armour Fertilizer Works v. Maddox,* 168 Ga. 429 (148 SE 152). On the other hand, a general agent has a broader authority. *McLaughlin v. Blount,* 61 Ga. 168; and *Holmes v. Langston & Woodson,* 110 Ga. 861 (36 SE 251). The record does not reveal whether the agent for the plaintiff had any authority other than as a special agent for collection, and nothing appears to show that it had authority to accept payment of anything other than cash in the collection process. However, the full import of the defendant's uncontradicted testimony was that he gave a check which was for more than the amount of the note to the plaintiff's agent and that the plaintiff's agent returned to the defendant more than $750, which represented the amount of the check in excess of the indebtedness.

It is true that *Code* § 20-1004 provides that bank checks and promissory notes are not payment until they are paid. Also, numerous cases in this State and elsewhere have held that the rule is that the receipt of a check is not payment until it is

paid unless there is an agreement that it is accepted as such. *Ketcham v. Hines,* 29 Ga. App. 627 (116 SE 225). However, if the creditor has agreed to accept a check as payment, the check will be payment even though it is dishonored. *Nash Motors Co. v. Harrison Co.,* 52 Ga. App. 333, 335 (183 SE 202). Where the creditor has received a check and does not deny that he cashed it, fails to return it or to make any protest of nonpayment, it will be presumed that the money was collected. *Abney v. M. B. Thomas Auto Sales Co.,* 93 Ga. App. 224 (4) (91 SE2d 189).

It is not clear from the record whether the payee of the note, or a third party who bought the chickens, was the drawer of the check issued for the price of the chickens and delivered to the defendant. Apparently, the check was either drawn by the plaintiff's agent in payment for the chickens or by some third party who bought the chickens. In either event whether the check cleared the bank, and thus the payment became final, lay peculiarly within the knowledge of the plaintiff's agent and is attributable to the plaintiff. Accordingly, we conclude that the nonpayment of the check, if it was. in fact unpaid, was something for the plaintiff to prove rather than the defendant.

We feel this presumption of payment rule, of; necessity, encompasses both the creditor and the creditor's authorized agent for collection. Here, there was nothing in the record to show that the check was not cashed. The uncontradicted evidence showed, in fact, a return of a portion of the proceeds of the check to the debtor which strengthens the presumption that it was cashed. This brings the transaction within the rule in *Abney,* supra. Where there is nothing to rebut this presumption, it will stand, and the jury must accept it. The rule in *Abney* is a presumption of law, and where, as here, it stands unrebutted, it is mandatory on the jury.

The fact that the plaintiff's witness testified that plaintiff did not receive payment does not affect the result since if the agent received payment that constituted a payment to the principal.

In the status of the record before this court, the only verdict which could have been rendered was for the defendant on his plea of payment.

It clearly appearing that the uncontradicted evidence demanded a verdict in favor of the defendant, the trial judge erred in granting the plaintiff's motion for new trial.

It follows that it is unnecessary for us to consider the cross-bill of exceptions or the remaining assignments of error in the main bill.

*Judgment reversed with direction to the trial court to enter final judgment for the defendant. Felton, C. J., and Hall, J., concur.*