## 40730. BANK OF AUGUSTA et al. v. WESTINGHOUSE ELECTRIC CORPORATION.

PANNELL, Judge. Where Corporation A, the operator of a retail appliance store, and indebted to Corporation B upon a mortgage on its stock of goods, wares and merchandise, entered into a parol agreement with Corporation B whereby Corporation B took possession of all the assets of said appliance store with authority "to hold and manage the retail business so conducted" by Corporation A until the indebtedness covered by the mortgage was paid, and one of Corporation B's employees became an officer of Corporation A, and during the course of such management employees of Corporation B, acting in the course of and within the scope of their employment, gave instructions to employees of Corporation A as to the drawing of drafts on Corporation B payable to Corporation A which were deposited to and immediately credited to the account of Corporation A in the plaintiff bank and checks of Corporation A honored on said funds, two of which drafts were accepted and paid by Corporation B and the third not accepted, and the plaintiff bank sued Corporation B in two counts seeking to recover the amount of the third draft, *Held:*

1. "The acceptance of a bill is the signification by the drawee of his assent to the order of the drawer. The acceptance must be in writing and signed by the drawee. It must not express that the drawee will perform his promise by any other means than the payment of money." *Code* § 14-1101. "An unconditional promise in writing to accept a bill before it is drawn is deemed an actual acceptance in favor of every person who upon the faith thereof receives the bill for value." *Code* § 14-1104. "To make the following obligations binding on the promisor, the promise must be in writing, signed by the party, to be charged therewith, or some person by him lawfully authorized, viz: . . . An acceptance of a bill of exchange. (Acts 1880-1, p. 62)." *Code* § 20-401.

Under these provisions of the Code (the drafts were drawn and the suit was filed on the last draft prior to the effective date of the Uniform Commercial Code), the petition, not alleging any written acceptance of the third draft, set forth no cause of action based upon an acceptance of the draft.

2. Corporation B, even if a mortgagee in possession, is not re-

sponsible for the debts of Corporation A incurred during such possession. *Page v. Blackshear,* 78 Ga. 597 (3 SE 423), and *Luther P. Stephens Invest. Co. v. Berry Schools,* 188 Ga. 132 (3 SE2d 68), relate to rights as between the mortgagor and the mortgagee in possession and do not relate to, and contain no rulings on, the rights of a creditor of the mortgagor as against the mortgagee.

3. Corporation A did not become the agent of Corporation B by reason of the control and management of the retail store by Corporation B, so as to make Corporation B an undisclosed principal as to the drawer of the drafts. Whether Corporation B became the agent of Corporation A is not a question presented for decision.

4. The honoring of the first two drafts by Corporation B did not amount to a ratification of the "agency" of the drawer to draw additional drafts upon Corporation B, so as to bind Corporation B on such additional drafts in the absence of an acceptance of the draft in writing.

5. Inasmuch as Corporation B was authorized to control and manage the retail store of Corporation A, the fact that the employees of Corporation B, "acting within the scope of and in the course of their employment with Corporation B," gave instructions as to the drawing of the drafts, does not make the drawing of the drafts the act of Corporation B, or make the employees of Corporation A the agents of Corporation B.

6. In the absence of fraud or facts showing that the drawer, an employee of Corporation A the payee, was ostensibly acting as agent for Corporation B the drawee, so as to have misled the plaintiff bank, the bank in "cashing" the drafts acted at its peril.

7. Cases where the plaintiff relies upon the theory of estoppel, or waiver, because of custom, a course of dealings or ostensible agency, or prior ratification, *Warnock v. Elliott,* 96 Ga. App. 778, 787 (101 SE2d 591), *Germain Co. v. Bank of Camden County,* 14 Ga. App. 88 (80 SE 302), *Futch v. Royster Guano Co.,* 51 Ga. App. 305, 306 (3) (180 SE 368), *Jacksonville Paper Co. v. Owen,* 60 Ga. App. 742 (5 SE2d 103), *Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844 (72 SE2d 816), *Exchange Bank v. Thrower,* 118 Ga. 433 (4, 5) (45 SE 316), upon which acts of the principal, plaintiff relied to his injury, have no application to a case such as the

present one, where recovery is sought against an alleged undisclosed principal.

8. Upon application of the above rulings to the facts alleged in the petition in the present case, it follows that the trial court did not err in sustaining the general demurrers to the petition.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED SEPTEMBER 9, 1964.

*Lanier, Powell, Cooper & Cooper, Northcutt & Edwards, W. S. Northcutt,* for plaintiff in error.

*Jones, Bird & Howell, Trammell E. Vickery, Frazer Durrett, Jr.,* contra.