44838, 44839. MALAK v. McGINNIS et al. (two cases).
(361 SE2d 798)

GREGORY, Justice.

In January 1985 the appellant purchased approximately thirty-nine acres of land from the appellees. Appellant made a down payment on the property and executed a promissory note and deed to secure debt in favor of the appellees for the remainder of the purchase price. Under the terms of the promissory note the appellant was to make quarterly payments; such a payment was due on January 17, 1986. It is undisputed that on January 17, 1986 appellant mailed to appellees a check representing the amount due on this date, and that this check was erroneously dishonored by appellant's bank, First National Bank of Atlanta (First Atlanta). Appellant learned that the check had been dishonored on February 3, 1986. That same day a representative of First Atlanta wrote to the appellees, informing them of the bank error which had caused appellant's check to be dishonored. It is undisputed that appellees received this letter. On February 9, 1986, appellant received notice that he was in default of the promissory note, and that appellees were exercising the power of sale clause contained in the deed to secure debt.

Appellant thereafter applied for a temporary restraining order to halt the foreclosure proceedings. At the hearing on this matter the trial court ruled that if First Atlanta would that day guarantee payment on appellant's check, it would grant appellant's application for injunctive relief. The trial court then recessed for the parties to telephone First Atlanta. It is undisputed that due to a second bank error a representative of First Atlanta stated that appellant's check would not be honored. The appellees foreclosed on the property that day and purchased it themselves. The sale was subsequently confirmed by the trial court pursuant to OCGA § 44-14-161. Appellant then brought this action to set aside the foreclosure and the judgment of confirmation. The trial court denied appellant relief, and this appeal followed.

1. Case no. 44838. In arguing the trial court erred in failing to set aside the foreclosure, appellant points to the rule of law in Georgia that "the receipt of a check is not payment until it is paid unless there is an agreement that it is accepted as such. [Cit.] However, if the creditor has agreed to accept a check as payment, the check will be payment even though it is dishonored. [Cit.] Where the creditor has received a check and does not deny that he cashed it, fails to return it or to make any protest of nonpayment, it will be presumed that the money was collected. [Cit.]" *Wilbanks v. James Talcott, Inc.*, 106 Ga. App. 770, 774-5 (128 SE2d 333) (1962). Appellant argues the fact that appellees retained appellant's check after it had been dishonored by First Atlanta indicates an implied agreement to accept appellant's check as payment even though the check had been dishonored. In light of appellees' immediate institution of foreclosure proceedings following the dishonoring of appellant's check, we are unable to say that there is any evidence to support such an agreement. Therefore, the trial court did not err in denying the motion to set aside the foreclosure.

2. Appellant argues that the trial court erred in failing to make findings of fact and conclusions of law as required by OCGA § 9-11-52 (a). However the record shows that findings of fact and conclusions of law were made. There is no merit to this argument.

3. Case no. 44839. Appellant argues the trial court erred in confirming the sale of foreclosure under OCGA § 44-14-161. We agree.

OCGA § 44-14-161 (a) provides, "When any real estate is sold on foreclosure without legal process and under powers contained in security deeds . . . and at the sale the real estate does not bring the amount of the debt secured by the deed . . . no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report that sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of

confirmation and approval thereon." Subsection (b) provides, "The court shall require evidence to show the true market value of the property sold under the powers and *shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale."* (Emphasis supplied.)

The price for which the property was purchased at the foreclosure sale was less than the amount of appellant's debt, leaving a deficiency. The trial court concluded that the purchase price of the property did not reflect the true market value of the property, and ordered that the difference between the true market value, as found by the court from evidence presented, and the purchase price be credited to the deficiency. The statute requires the trial court to deny confirmation of a foreclosure sale if the court finds that the sale did not bring the true market value of the property. *American Century Mtg. Investors v. Strickland,* 138 Ga. App. 657, 659 (227 SE2d 460) (1976); *Jones v. Hamilton Mtg. Corp.,* 140 Ga. App. 490 (231 SE2d 491) (1976). We have found no authority, and none has been cited to us, for the practice used by the trial court in confirming the sale. Appellees' argument that the parties agreed that this practice would be followed in lieu of the statutory requirement is not supported by the record. At most there was an agreement as to the method used by the trial court to arrive at fair market value. Therefore, we hold that the trial court erred in confirming the sale.

*Judgment affirmed in case no. 44838. Judgment reversed in case no. 44839. All the Justices concur.*

DECIDED NOVEMBER 4, 1987 —
RECONSIDERATION DENIED NOVEMBER 24, 1987.

*Stewart, Melvin & House, William H. Blalock, Jr., Redfern, Green & Hoffman, Brady D. Green,* for appellant.
*Jack S. Davidson, Walter B. Harvey,* for appellees.