A89A1989. MALAK v. FIRST NATIONAL BANK OF ATLANTA.
(393 SE2d 267)

BEASLEY, Judge.

Plaintiff Malak appeals from the grant of defendant First National's motion for partial summary judgment on counts alleging that First National wrongfully dishonored depositor Malak's check. The check was a quarterly payment on a promissory note secured by a parcel of land Malak had purchased from McGinnis. See *Malak v. McGinnis,* 257 Ga. 622 (361 SE2d 798) (1987).

Malak, an alien, married a U. S. citizen in 1984 and purchased real property from McGinnis in 1985 for $101,400, paying $15,000 down and giving a promissory note and security deed for the balance of $86,400. The note called for $1,800 quarterly and $40,000 fire insurance. There was a fire in the chicken houses and McGinnis questioned whether Malak was maintaining the required amount of insurance. Also at least one of Malak's payments bounced.

Malak had a checking account with First National. Late in 1985, because of marital difficulties involving that account, he visited a branch office to take remedial action. After discussion he decided to close the account and open a new one. He contends the bank officer assured him that two specified outstanding checks on the old account would be honored. Malak executed a countercheck for $467.03, the balance on the old account, for deposit in his new account on January 13, 1986. The check was deposited on January 14 but, by January 17, was dishonored and charged back as a debit to the new account.

Malak's payment on the note was due January 17. He wrote a check on that date for $1,800. McGinnis accepted and deposited it, but when it was presented to First National, Malak's balance was only $1,655.87. It would have been $2,122.90 if the $467.03 countercheck had not been dishonored. Because the balance was insufficient, First National dishonored the note payment check.

Notice was sent to Malak which should have arrived about a

week later, but he did not obtain his mail until February 3. He then visited a bank office and obtained a letter of apology by First National acknowledging its mistake, which he delivered to McGinnis the same day.

On February 4 McGinnis' attorneys notified Malak they were foreclosing on the property. On February 27 Malak sought a temporary restraining order to prevent the property's sale. During February Malak's account contained sufficient balances to cover the $1,800 check, but no effort was made to re-present the check, cover it or issue another. Malak testified by affidavit that he offered to pay the $1,800 by check or cash but was told by McGinnis' attorney it was too late, and he intended to proceed with foreclosure.

At the TRO hearing on March 4, "the trial court ruled that if First [National] would that day guarantee payment on [Malak's] check, it would grant [his] application for injunctive relief. The trial court then recessed for the parties to telephone First [National]. It is undisputed that due to a second bank error a representative of First [National] stated that [Malak's] check would not be honored." *Malak*, supra at 623. Apparently there was an unrelated hold on Malak's account. The TRO was denied and the sale occurred, resulting in a deficiency. The sale was confirmed and Malak's motion to set it aside was denied. The Supreme Court affirmed the denial of the motion but reversed the sale confirmation. Malak then filed the instant action seeking damages from First National.

After discovery, First National moved for summary judgment. The trial court heard the matter and concluded: "there is no genuine issue as to any material fact that the foreclosure of plaintiff Malak's property and damages claimed by plaintiff Malak as a result thereof and related thereto were not proximately caused by the allegedly wrongful dishonor or wrongful return of plaintiff's $1,800 check dated January 17, 1986, or by any other act of defendant or its employees, but rather was proximately caused by the actions and inactions of plaintiff Malak and persons not parties to this lawsuit, and that defendant is entitled to judgment as a matter of law." The order pointed out that defendant bank gave prompt notice of the dishonor and on January 28, 1986, credited the check for $467.03 which had resulted in the dishonor of the $1,800 payment check, and that "Malak failed to deliver a replacement check to his mortgagees by February 3, 1986 or thereafter."

Malak enumerates as error the conclusion that the wrongful dishonor was not the proximate cause of his losses resulting from the foreclosure.

On summary judgment the movant must establish the nonexistence of genuine issues of material fact even as to those issues on which the opposing party would have the trial burden of proof. *Ham*

*v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). " '[T]he party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence.' " *Eiberger v. West,* 247 Ga. 767, 769 (1) (281 SE2d 148) (1981).

"A payor bank is liable to its customer for damages proximately caused by the wrongful dishonor of an item. When the dishonor occurs through mistake liability is limited to actual damages proved. If so proximately caused and proved damages may include damages for an arrest or prosecution of the customer or other consequential damages. Whether any consequential damages are proximately caused by the wrongful dishonor is a question of fact to be determined in each case." OCGA § 11-4-402. *Fidelity Nat. Bank v. Kneller,* 194 Ga. App. 55 (390 SE2d 55) (1989) discusses the contract versus tort theories of recovery under UCC § 4-402 and holds that "wrongful dishonor may be considered a tort." Id. at p. 62.

First National established a strong position for a decision that the wrongful dishonor, which it does not dispute, was not the proximate cause of the eventual loss of the property through foreclosure. This would be sufficient to support a jury finding in favor of the bank. Nevertheless, on motion for summary judgment, Malak is the party opposing the motion and is entitled to a construction of the evidence in his favor. He introduced proof by affidavit that the holder of the security deed, McGinnis, would not have accepted any untimely tender of the amount owed after the first check was dishonored. Under the terms of the promissory note and security deed, upon default in a payment McGinnis was entitled to declare the entire amount due and proceed without notice to foreclose the property. *Duncan v. Lagunas,* 253 Ga. 61, 63 (2) (316 SE2d 747) (1984); *Fulton Nat. Bank v. Horn,* 239 Ga. 648, 650 (238 SE2d 358) (1977); *Oak Mountain Dev. Corp. v. Harrell,* 162 Ga. App. 186, 187 (1) (290 SE2d 177) (1982).

First National had the burden of establishing as a matter of law that the damages Malak suffered were not the result of its wrongful dishonor of the $1,800 check. According to Malak's proof the dishonor created a default he could not cure. Malak's subsequent failures, primarily of omission, and other happenings would lessen the damages he eventually would suffer but would not remove the bank's wrongful dishonor as a matter of law from the Codal "proximate cause." That remains to be determined as a question of fact. Where the proof "does not plainly, palpably and indisputably show a lack of proximate cause," the issue is for the jury. *DeKalb County Hosp. Auth. v. Theofanidis,* 157 Ga. App. 811, 812 (2) (278 SE2d 712) (1981).

Recognition is made of the policy of some courts to treat a negligent or mistaken wrongful dishonor differently from a wilful or flagrant wrongful dishonor, treating the former under principles of con-

tract and the latter under principles of tort. See Hawkland, Uniform Commercial Code Series, Vol. 6, § 4-402:08. In the former situation, the test is the contractual term "foreseeability," rather than the tortious term "proximate cause." First National cites *Evra Corp. v. Swiss Bank Corp.*, 673 F2d 951 (7th Cir. 1982), a classic example of that reasoning. There Swiss Bank failed to deliver a $27,000 check in time so that Evra suffered the loss of a $2,000,000 charter which was cancelled when payment was not prompt. The court applied Illinois law and held that only foreseeable damages are recoverable in a breach of contract action. It held defendant bank not liable for consequential damages because it had not been placed on notice of the special circumstances surrounding the check issuance. The decision noted that the bank was unaware of the purpose of the check and observed that the party able to avoid the consequences at the least cost should bear the burden rather than the unknowing defendant.

Although based upon mere negligence rather than wilful or wanton action, Malak's theory of recovery rests upon tort rather than contract. See Hawkland, supra at § 4-402:05, and *Kneller*, supra. In any case we adhere to the language of the code rather than embellishing it with additional requirements. The test is "proximate cause." See OCGA § 51-12-9. " 'In order that a party may be liable in negligence, it is not necessary that [it] should have contemplated or even been able to anticipate the particular consequences which ensued, or the precise injuries sustained by the plaintiff. It is sufficient, if, by exercise of reasonable care, the defendant might have foreseen that some injury would result from [its] act or omission, or that consequences of a generally injurious nature might have been expected.' " *Mitchell v. Schofield's Sons Co.*, 16 Ga. App. 686, 690 (6) (85 SE 978) (1915). Accord *Atlanta Gas Light Co. v. Mills*, 78 Ga. App. 690, 696 (1) (51 SE2d 705) (1949); *Mathis v. Mathis*, 42 Ga. App. 1, 7 (155 SE 88) (1930).

Issues remain also as to mitigation of damages by plaintiff, OCGA § 51-12-11, and the extent to which he was damaged as a result of the wrongful dishonor coupled with the other circumstances eventually resulting in foreclosure and sale of plaintiff's property, OCGA § 51-12-10.

Summary judgment on the issue of proximate cause was error.
*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 12, 1990 —
REHEARING DENIED MARCH 27, 1990 —

*O. Jackson Cook*, for appellant.
*Hansell & Post, W. Lyman Dillon, Jones, Day, Reavis & Pogue,*

*Michael J. Templeton*, for appellee.

